## JOHN EIDMAN *et al.*

*v.*

## JOHN B. BOWMAN *et al.*

1. CORPORATIONS—*powers of board of directors—East St. Louis Bank.* The charter of the East St. Louis Bank provided that its capital stock should be one hundred thousand dollars, with power to increase it to five hundred thousand. The charter did not provide by whom this power might be exercised: *Held,* the board of directors of the bank did not, merely by virtue of their position as such, have authority to increase the capital stock without the assent of the shareholders.

2. It seems the management and transaction of all business for which a corporation is created, and its general affairs, are within the usual powers of the board of directors, but a power given to a corporation to increase its capital stock, can not be exercised by the directors, except they be specially authorized so to do, either by the charter or by the shareholders.

3. SAME—*increase of the capital stock—who entitled to the shares.* If the capital stock of a bank, or other corporation, be increased by proper authority, the right to such additional stock vests in the original stockholders, each one to take in proportion to the amount held by him of the original stock, if he will pay for it. This right may be waived, but if it is not, the party entitled can not be deprived of it by the board of directors of the corporation, or otherwise.

4. PLEADING IN CHANCERY—*averment of ratification.* A bill in chancery was filed for relief against the action of the board of directors of a bank, in increasing the capital stock thereof, without authority of law, or the consent of the complainants, who were shareholders. The answer averred, that the action of the directors had been ratified by the shareholders; but as the time, manner or circumstances thereof, were not shown, the averment was deemed insufficient.

APPEAL from the Circuit Court of St. Clair county ; the Hon. JOSEPH GILLESPIE, Judge, presiding.

Mr. G. KOERNER, Mr. WM. S. KASE, and Mr. MORTIMER MILLARD, for the appellants.

Mr. WM. H. UNDERWOOD, for the appellees.

Mr. JUSTICE WALKER delivered the opinion of the Court:

This was a suit in equity, brought by appellants in the St. Clair circuit court, against appellees, to enjoin and restrain

them from issuing further certificates of subscription to the capital stock of the East St. Louis bank.

It appears, that the corporation was created by an act of the general assembly at the session of 1865, and its charter provides that the capital stock of the bank shall be $100,000, with the power to increase it to $500,000, to be subscribed and paid for in the manner prescribed by the by-laws to be formed by the company, and to be divided into shares of $100 each, and shall be transferable on the books of the company in the manner prescribed by its by-laws. Books were opened for subscriptions, and $100,000 were subscribed to the stock. The company was organized, and a board of directors elected by the subscribers, and 30 per cent of the stock has been paid in on the subscription.

It further appears, that on the 15th day of May, 1869, the board of directors gave notice that an election for directors would be held on the second day of the next June, at the bank ; and on the 19th of May, they appointed their judges of election. On the 26th of May, the directors held a meeting, and changed the by-laws so as to authorize the directors to issue shares and increase the stock of the company 200 shares, each share being for $100. Of this meeting and of its proceedings, the shareholders had no notice until after the by-laws had thus been altered, and a portion of the directors objected to the change then made. The amount of shares thus authorized to be issued was then subscribed, as complainants allege, for the purpose of increasing the number of votes of the subscribers at the approaching election, and to give its control to them, but this is denied by appellees. The bill prayed an injunction to restrain the directors from issuing or disposing of the certificates, and to restrain the judges of election from receiving any votes represented by the 200 shares thus issued. On the trial below, the court dissolved the injunction and dismissed the bill, and the case is brought here by appeal.

In this case, we shall only consider the questions presented and discussed, which are, whether the directors had the power, under their charter, to order the increase of the stock and open books for its subscription, without the assent of the shareholders. It will be observed the charter, in terms, confers the power to make the increase, but is silent as to the mode in which it shall be done. It would seem to admit of no doubt, that it is to be done by the directors alone, by a vote of the stockholders conferring the power on the directors, or by their joint action. That the directors are but the agents or trustees of the shareholders, for the honest, faithful and prudent management of the legitimate affairs of the shareholders, there is no doubt. But the question is, as to the extent of their powers. Are they unlimited? Are all of the powers conferred on the company delegated to them by their election and admission to their office, or are there powers which are still reserved to the shareholders, and which can not be exercised by them, until the power is conferred by the shareholders? It would seem, that the management and transaction of all business for which the company was created, and the general affairs of the corporation, devolve upon, and may clearly be exercised by them; and there are other powers that are as clearly reserved to the shareholders.

The power to appoint or elect directors, does not devolve upon them, but that power is reserved to the shareholders. The power to sell, and transfer the charter and franchises, is not granted to them; the power to dissolve the body is not within the scope of their authority; and other powers which they are unable to exercise, might be enumerated. Is the power possessed by them to effect great or radical changes in the organization of the body, without the consent of the shareholders? Can they, at pleasure, and without the consent of the shareholders, increase or diminish the capital stock of the company, and thus materially affect the value of the shares and the amount of dividends?

When this incorporation was organized, the charter, and all of its franchises and privileges, vested in the shareholders, and the directors became their trustees for its management. The right to the remainder of the stock, when it should be issued, vested in the original stockholders, in proportion to the amount each held of the original stock, if they would pay for it, and was as fully theirs as was the stock already held, and for which they had paid. *Gray* v. *Portland Bank*, 3 Mass. 365. It is true, that the shareholders hold no certificates evidencing their title, and it is, perhaps, not transferable, even under a by-law authorizing its sale, but is, nevertheless, a right vested in the original shareholders which, although intangible, the law recognizes and protects.

When the company determine to increase their capital stock within the limits of their charter, each of the previous shareholders has the right to a proportionate number of the new shares, or a proportionate amount of the new stock, if it should be added to the old shares. He may waive this right, but if he does not, and is deprived of it, he may sue the company by a special count in assumpsit, and recover for the loss. And it has been held, that the measure of damages is the excess of the market value of the stock above the par value, at the time of payment of the last instalment, with interest on the excess. *Gray* v. *The Portland Bank, supra*; Angell & Ames on Corp. 430. These authorities establish the proposition, that the reserved and unsold stock belongs to the shareholders of the company as their individual property, precisely like the shares for which they have paid and hold certificates, except it is not paid for, and it may, without their consent, be sold to *bona fide* purchasers without notice, so as to deprive them of the right; but still the right is complete.

In the case of *Gray* v. *The Portland Bank, supra,* it is said, that a corporation may be considered the trustee for the management of the property, and each stockholder a *cestui que trust,* according to his interest and shares; then, a limitation of the capital to be employed in the trust, that it shall not be

less than one sum and not greater than another, is not a power granted to the trustee to create another interest for the benefit of other persons than those concerned in the original trust, or for their benefit, in any other proportions than those determined by their subsisting shares.   "A share in the stock or trust, where only the least sum has been paid in, is a share in the power of increasing it, when the trustee determines, or rather when the *cestuis que trust* agree upon employing a greater sum, within the limits provided in the purposes of the trust."

The court does not, in terms, say the shareholders alone have the power to agree upon an increase of the capital stock, but the intimation is strong in that direction.  That was manifestly the strong inclination of the court; and that such should be the rule, we think is supported by reason.  As we have seen, the right to a proportional share of the reserved stock is vested in each of the shareholders, and is his individual right, and he may sue and recover for being deprived of its benefit; and it is manifest, that the directors have no more power over the individual property or rights of the shareholders, than of other persons.  It can not be presumed, that the general assembly intended to confer such a power upon the directors.  They have as just a right to undertake to transfer their shares for which they hold certificates, as to deprive them of their right to acquire the additional stock.

It would be a dangerous power to intrust to directors to increase the stock of the company at pleasure, and to sell it to whom they might choose.  Such a power would be liable to great abuse ; it would enable directors to perpetuate their official position almost indefinitely on a reserved capital stock of $400,000 ; it would enable them, at pleasure, to depress the price of the stock in market; it would deprive the original shareholders of their just and legal right to dividends, if the new stock were issued to persons not already members of the corporation.   Other injustice and wrong could be perpetrated, if this should be held to be an incidental power to be exercised by a board of directors of a corporation.   The power is

such, that we will not infer its existence in a charter, unless clearly expressed; and the charter, in this case, contains no such language.   It then follows, that appellants were entitled to the relief sought, as the sale of the certificates of stock was without power on the part of the directors, the shareholders not having agreed to an increase of the stock.   And, if it remained in the hands of appellees, it should have been, under the general prayer for relief, decreed to be cancelled.

This view of the case renders it unnecessary to consider the question, whether there is power under the charter to increase the stock until the full amount of the first $100,000 has been paid.   For that reason, we decline to discuss that question at this time.

It is, however, urged, that even if the directors had no such power, the shareholders had ratified the act.   The allegation is unaccompanied with any of the facts as to the time, manner or circumstances under which the ratification is claimed to have been made.   Whether before or after the suit was commenced, does not appear, nor is it alleged whether the ratification was direct, or only by implication; whether it was at a meeting of the shareholders, or by each separately; whether by verbal, or written assent.   In fact, nothing is alleged by which the court can determine whether it was legal, or only void; it is only the conclusion of the pleader that is stated.   If a ratification could be set up as a defense, it fails to appear the alleged one was made at a meeting of the stockholders, called on proper notice.

For the reasons indicated, the decree of the court below must. be reversed and the cause remanded.

*Decree reversed.*