EDGAR A. BELDEN

v.

HARMON CHURCH.

23  473
72  333
73  170

23  473
92  ¹564

*Negotiable Instruments—Note—Plea of Total Failure of Consideration —Evidence—Bona Fide Holder.*

1. The statutory defenses of a want of consideration and of a total or partial failure thereof are distinct, and must be separately and specially pleaded.

2. In an action on a note, brought by an indorsee, it is *held:* That the plea of a total failure of consideration is not supported by the evidence; and that the jury were justified by the evidence in finding that the plaintiff was not a *bona fide* purchaser before maturity.

[Opinion filed June 7, 1887.]

APPEAL from the Circuit Court of Monroe County; the Hon. GEORGE W. WALL, Judge, presiding.

This suit was brought upon a promissory note for $900, dated December 27, 1884, due on September 1, 1885, and payable to the Hoover, Owens & Rentchler Company, with eight per cent. interest after maturity, and assigned by the payee to the plaintiff below and appellant here.

A trial was had upon the pleas of set-off and total failure of consideration, the general issue having been withdrawn, and a verdict was rendered in favor of the defendant below, and the court overruling a motion for a new trial, entered judgment thereon and the plaintiff brings the record here by appeal.

Messrs. JOSEPH W. RICKERT and JOHN MICHON, for appellant.

Mr. E. P. SLATE, for appellee.

PILLSBURY, J. The real contest in this case arose upon the issue made by the plea of total failure of consideration. That

plea in substance set up as a defense that the note was given for a traction engine which was warranted, and a breach of the warranty in that the engine was worthless, and that the plaintiff took the note for the purpose of depriving the defendant of such defense, having notice of the consideration and of the defense to be made. We have carefully examined the evidence contained in the record and are clearly of the opinion that it fails to show a total failure of consideration.

The defendant admits he still has the engine in use and that it will make steam enough to saw wood, for which he has used it, and that he has threshed with it since the suit was commenced upon the note. It is true he says that it is worthless for the purpose for which he bought it, but all the testimony considered, it is clear that it was of considerable value. The plea of total failure of consideration, therefore, was not sustained. Neither under such plea can the defendant avail himself of the defense of a partial failure of consideration, as the statutory defenses of a want of consideration, or a total or partial failure thereof, are distinct defenses and must be separately and specially pleaded. Wadhams v. Swan, 109 Ill. 46.

It is further urged by the appellant that there is no evidence upon which the jury could find that he was not a *bona fide* purchaser of the note before maturity without notice of any defense.

Without noticing the testimony at length bearing upon this point, we are of the opinion that the circumstances attending the transfer of the note by the payee to the appellant as detailed by the plaintiff and by O. O. Richie, the book-keepers of the payee, in their depositions taken in Ohio, on behalf of the plaintiff, tends very strongly to show that the assignment was made for the purpose of cutting off any defense the appellee had to the note as alleged in the plea, and that the jury did no great violence to the testimony in finding such to be the fact. If such was the object of the parties the defense can be interposed although the exact nature of the defense may not have been fully known to the plaintiff The instruction given by the learned Judge to the jury seems to be a full and fair statement of the law applicable to the case,

and no error appears upon his part in admitting or rejecting evidence for which the judgment should be reversed.

But for the reason that the plea of total failure of consideration is not supported by the evidence, error was committed in overruling the motion for a new trial, and the judgment will be reversed and the cause remanded.

*Judgment reversed.*