## LEVEN W. BENSON

v.

## B. H. MORGAN AND COMPANY.

*Gaming Contracts—Board of Trade—Options—Action on Note—Burden of Proof—Intention—Settlement—Practice.*

1. Where the maker of a promissory note seeks to avoid the same on the ground that the consideration was illegal, the burden of proof is upon him to show the fact by a clear preponderance of the evidence.

2. It is the intention of the parties that gives character to a transaction on the Board of Trade. If either party contracts in good faith, he is entitled to the benefit of his contract, whatever may have been the secret purpose or intention of the other party

3. An issue not presented by the pleadings in the trial court can not be considered by this court.

4. It *seems* that the giving of a note for a balance claimed to be due on account of the execution of a contract is a waiver of any claim of non-compliance with the terms of the contract.

[Opinion filed January 19, 1888.]

In error to the Circuit Court of Knox County; the Hon. Arthur A. Smith, Judge, presiding.

Messrs. F. F. Cooke and J. L. Wells, for plaintiff in error.

Messrs. George W. Thompson and T. L. McGirr, for defendants in error.

Welch, P. J. This was an action of assumpsit brought by defendants in error against plaintiff in error upon a promissory note executed by plaintiff in error on the 7th day of May, 1884, for the sum of $1,961.71, payable to the order of the defendants in error one year after the date thereof, with interest at six per cent. Plaintiff in error pleaded the general issue and special pleas, alleging that the consideration of the note sued on was void, being balances and differences on alleged sales of grain and other merchandise on the Board of Trade in Chicago, New York and St. Louis, and that the transactions for which the note was given were gaming contracts within the law, and void. Also the plea of set-off. Replications were filed tendering issues upon the pleas which were joined. Plaintiff in error withdrew the general issue. Upon the trial the jury returned a verdict for the defendants in error, and the court, after overruling a motion by plaintiff in error for a new trial, gave judgment upon the verdict. This writ of error is prosecuted by the plaintiff in error from this judgment. Various errors are assigned. It is first insisted by the learned counsel for plaintiff in error that if the transactions for which the note was given were *bona fide* and lawful, then, he insists, there can be no recovery on the note sued on in this case, for the reason, as claimed, that the defendants

in error did not comply with their contract in the sale of the
lard, oats and corn.    There was no such issue presented by
the pleadings in the trial court.    No issue can now be raised in
this court that was not raised on the trial in the Circuit Court.
But if such an issue had been properly presented, that the con-
tract was not substantially complied with, he could not now
avail himself of it.    The giving of the note some two years
after the close of the transaction was a waiver of any claim of
non-compliance with the contract, and an admission on his part
that the contract had been executed according to its terms.

It is further insisted by counsel for plaintiff in error, that
the consideration of the note was illegal and void, representing
mere optional deals and not *bona fide* transactions but gam-
bling contracts within the law.    In order to determine whether
the transactions from which the consideration of the note sued
on arose, fall within the statute, we will have to refer to
the statute and to the evidence.    The statute declares "That
whoever contracts to have or give to himself or another
the option to sell or to buy at a future time any grain,
\* \* \* and all contracts made in violation of this section,
shall be void."    Section 130, Criminal Code.    The plaint-
iff in error states "that he ordered the defendants in
error to make the purchases for him, and that he received
from the defendants in error bills showing the date of
the purchase; that he never paid for the articles bought
and never expected to pay for them; that he put up margins;
did not know the amount he put up; it was not near enough to
pay for what he ordered."    The evidence for the defendants in
error shows that they were commission men doing business in
the City of Peoria; that the plaintiff in error instructed them
to buy for him lard, oats and corn on the Board of Trade at
Chicago, New York and St. Louis for future delivery, and
that they made the purchases, being charged to them, and they
notifying plaintiff in error of the purchases and charging him
with the purchase price upon their books; that the purchases
were regular business transactions; the articles purchased were
for actual delivery.    That the plaintiff in error deposited some
money with defendants in error for the purpose of securing

Benson v. Morgan & Co.

them in their purchases for him, so that if the market would fluctuate, the money on hand, with the produce bought for future delivery, would secure them. The price of the articles purchased having declined, the money left by plaintiff in error not being sufficient to secure defendants in error, plaintiff in error was notified to deposit more money; failing to do so the produce was closed out and the corn, lard and oats not selling for enough to pay its contract price, the defendants in error paid the money to fulfill the contracts of purchase. That the note in suit was given some two years after their transactions and was given on settlement for money advanced by defendants in error for plaintiff in error on these contracts and for recoverable commissions. We do not deem it necessary to notice the evidence of Cook of a transaction which he states he and plaintiff in error had with defendants in error prior to the transactions of plaintiff in error with the defendants in error. We do not consider the evidence relevant in this case. Under the issues in this case the burden of proof was upon plaintiff in error to show the consideration of the note illegal, and he ought, in a case like this, to make this proof by a preponderance of the evidence. This, we hold, he has not done. 79 Ill. 352.

It is further insisted by counsel for plaintiff in error, that the court erred in giving the 6th, 7th and 8th instructions for defendants in error. The objection to the 6th, that it is not based on the evidence, we do not think well taken. The evidence shows that letters and telegrams were sent by defendants in error to plaintiff in error, notifying him to put up more money. The 7th and 8th instructions are in conformity with the rule announced by Chief Justice Scott in Pixley v. Boynton, 79 Ill. 351. "The intention of the parties gives character to the transaction; and if either party contracts in good faith, he is entitled to the benefit of his contract, no matter what may have been the secret purpose or intention of the other party."

On a careful consideration of this case we are satisfied that substantial justice has been done.

*Judgment affirmed.*