| 73 | 173 |
| 92 | 564 |
| 73 | 173 |
| 94 | 488 |

# Chicago Trust and Savings Bank v. J. M. Landfield and Beckie Landfield.

1. BURDEN OF PROOF—*In a Suit on a Promissory Note the Execution of Which is Admitted.*—Where the defendant admits the execution of notes sued on, it is incumbent on him to prove by a preponderance of the evidence, the defenses, or some of them, set up by his special pleas, and in this case the court is satisfied that he utterly failed to do so.

2. PLEADING AND EVIDENCE—*Total and Partial Failure of Consideration.* Total failure of consideration and partial failure are separate and distinct defenses, and under a plea of the former the latter can not be proved.

3. TRIALS—*The Court Should Decide Whether Statements are of Fact or are Mere Conclusions.*—An instruction assuming that there may have been, in the testimony of a witness, statements not of fact, but of conclusions of

the witness, and leaving it to the jury to determine what part of the testimony consisted of statements of fact and what of mere conclusions, is erroneous. It is for the court to determine whether the statement of a witness is a statement of fact or a statement of a conclusion and if the latter, to exclude the statement on objection made by the opposite party or on the court's own motion. It is the province of a jury to decide issues of fact, not questions of law.

4. PRACTICE—*Rulings on Objections Should be Obtained.*—Although objections are made to remarks of counsel during a trial, if no rulings on such objections are made by the court, the remarks are not reviewable on appeal.

**Assumpsit,** on promissory notes. Appeal from the Circuit Court of Cook County; the Hon. EDWARD F. DUNNE, Judge, presiding. Heard in this court at the October term, 1897. Reversed and remanded. Opinion filed January 6, 1898.

ASHCRAFT, GORDON & COX, attorneys for appellant.

Instructions should state the law correctly. The jury not being judges of the law, are as likely to follow a bad instruction as a good one. Illinois C. R. R. Co. v. Gilbert, 157 Ill. 365; Illinois C. R. R. Co. v. Sanders, 58 Ill. App. 117; DeLand v. Dixon National Bank, 111 Ill. 323; Harley v. Weimer, 58 Ill. App. 340.

Where the evidence is conflicting, each party has a right to have the jury clearly and accurately instructed as to all the law in the case. Illinois C. R. R. Co. v. Maffit, 67 Ill. 431; Smith v. People, 142 Ill. 117; Holloway v. Johnson, 129 Ill. 367; Kankakee S. & L. Co. v. City of Kankakee, 128 Ill. 177; American Ins. Co. v. Crawford, 89 Ill. 62; Davies v. Cobb, 11 Ill. App. 587; Geneva v. Peterson, 21 Ill. App. 454; Peoria, D. & E. R'y Co. v. Hardwick, 48 Ill. App. 562; Brown v. Monson, 51 Ill. App. 488; Brownlee v. Village of Alexis, 39 Ill. App. 142; Simpson v. Kincaid, 34 Ill. App. 521; Roby v. Murphy, 27 Ill. App. 394; Star & C. Mill Co. v. Thomas, 27 Ill. App. 137; Boyd v. Yerkes, 25 Ill. App. 528; Chicago & W. I. R. R. Co. v. White, 26 Ill. App. 586; Fernandes v. McGinnis, 25 Ill. App. 165; Wichert v. Stafford, 25 Ill. App.

218; Lake S. & M. S. R. R. Co. v. Elson, 15 Ill. App. 80; Peoria, D. & E. R. R. Co. v. Wagner, 18 Ill. App. 598.

Where the evidence is evenly balanced, it is essential that the instructions be accurate and complete. Craig v. Miller, 133 Ill. 300; Wilber v. Wilber, 129 Ill. 392; Chicago, B. & Q. R. R. Co. v. Flint, 22 Ill. App. 502.

In a case close in its facts all instructions should state the law correctly and fully. Toledo, St. L. & K. C. R. R. Co. v. Cline, 135 Ill. 48; Chicago, S. F. & C. R'y Co. v. Bentz, 38 Ill. App. 485.

Where the evidence is unsatisfactory or conflicting, and the case one which appeals strongly to the sympathy of the jury, the instruction must be accurate and clear. Leman v. Best, 30 Ill. App. 324; Hoopeston v. Eads, 32 Ill. App. 78; Chicago, M. & St. P. R'y Co. v. Mason, 27 Ill. App. 450.

An instruction which singles out a certain witness or gives particular evidence special promience is vicious, and should not be given. Chicago &. N. W. R'y Co. v. Snyder, 117 Ill. 376; Craig v. Miller, 133 Ill. 300; Pennsylvania Co. v. Versten, 140 Ill. 637; Sullivan v. Eddy, 164 Ill. 397; Henderson v. Miller, 36 Ill. App. 232; Morehouse v. City of Dixon, 39 Ill. App. 107; Marschall v. Laughran, 47 Ill. App. 29; Parlin & Orendorff v. Finfrouck, 65 Ill. App. 174; Farrow v. Flatt, 61 Ill. App. 118.

An incomplete statement of the law in an instruction may be as prejudicial as a false statement of the law. Keithley v. Stafford, 126 Ill. 507.

An instruction is erroneous which leaves to the jury the determination of what are "all the other proper tests of the credibility and weight of evidence." Phenix v. Castner, 108 Ill. 207; Smith v. Chicago & W. I. R. R. Co., 105 Ill. 511; Henderson v. Henderson, 88 Ill. 248; Roby v. Murphy, 27 Ill. App. 394;

Harvey v. Hamilton, 54 Ill. App. 507; Same v. Same, 155 Ill. 377.

It is the exclusive province of the jury under proper instructions as to the law to determine the weight and credibility of the testimony of witnesses. Henderson v. Miller, 36 Ill. App. 232; Trott v. Wolfe, 35 Ill. App. 163; Anderson v. People, 34 Ill. App. 86; Lambert v. People, 34 Ill. App. 637; Murtaugh v. Murphy, 30 Ill. App. 59.

An instruction as to the rules of law for weighing the evidence should point out to the jury all proper tests, and not leave the jury to formulate or construct tests of their own. Holloway v. Johnson, 23 Ill. App. 331.

ROSENTHAL, KURZ & HIRSCHL, attorneys for appellees.

It is not a wise practice to select some expression of the court from an opinion in a case and formulate such an expression into an instruction to the jury. Hutchinson F. & S. Consuming Co. v. Lyford, 123 Ill. 300.

There are cogent reasons why appellate courts should be careful and critical in recognizing improper statements of counsel in argument to the jury, and if courts can see from an examination of the evidence that they were likely to, and probably did, wrongfully influence and mislead the jury to return a verdict in favor of the party whose counsel makes the improper statements, they will redress the wrong by reversing the judgment. Chase v. City of Chicago, 20 Ill. App. 274; Elgin J. & E. R. R. Co. v. Fletcher, 128 Ill. 619; Hennies v. Vogel, 87 Ill. 242; Chicago & A. R. R. Co. v. Bragonier, 13 Ill. App. 467; Henry v. Centralia & C. R. R. Co., 121 Ill. 264; Freeman v. Dempsey, 41 Ill. App. 554.

MR. PRESIDING JUSTICE ADAMS DELIVERED THE OPINION OF THE COURT.

This is an appeal from a judgment rendered in favor of appellees and against appellant. The appellant sued appellees in assumpsit. The declaration contained special counts on six promissory notes made by the appellees and the common counts. The notes were all of date October 29, 1890, and payable to the order of O. F. Malcolm and executed by appellees. Five of them are for $13 each, and payable, respectively, in one, two, three, four and five months after date, and one of them is for $278, and payable six months after date. They all draw interest at the rate of eight per cent per annum from date.

Appellees pleaded the general issue and three special pleas; the first special plea is want of consideration; the second special plea alleges that May 24, 1889, it was agreed between the plaintiff (appellant) and J. M. Landfield, defendant (appellee), that plaintiff should lend to defendant $150, interest at the rate of five per cent per month, and that defendant, to secure the same, delivered to the plaintiff, to wit, to one Wharton, its agent, sundry notes payable to the order of said Wharton; that said notes were renewed and new notes issued; that the notes sued on were issued by defendants and were delivered to the plaintiff, to wit, to one O. F. Malcolm, its agent, and payable to the order of said Malcolm, in renewal of said last renewal of said original notes, and defendants say said loan of $150 and all said notes were usurious, etc. The third special plea avers that defendant J. M. Landfield borrowed from W. S. Wharton $150 at the agreed rate of interest of five per cent per month, contrary to the statute, etc.; that after said date notes were given in renewal of said loan, for the last renewal of said loan; that

the notes sued on were executed by the defendants to one O. F. Malcolm, and that they and the original loan were usurious, of which plaintiff had notice when it obtained said notes, and that plaintiff gave no good or reasonable consideration for said notes, or either of them, etc.

The appellant filed a *similiter* to the general issue, and replications to the several special pleas, averring that plaintiff obtained the notes for a good and valuable consideration, before the maturity thereof, denying usury, and also notice of usury, and upon the issues thus made the case was tried.

The record shows that the verdict was rendered March 30, 1897, and that April 10, 1897, appellees, by leave of court, withdrew the plea of the general issue, for what reason or purpose is not apparent.

At the close of the plaintiff's case the defendants, appellees here, admitted the execution of the notes sued on, and that the amount appearing to be due on the face of the notes was $519. It was thus incumbent on appellees to prove, by a preponderance of evidence, the defenses, or some of them, set up by the special pleas. Stacker v. Hewitt, 1 Scam. 207; Topper v. Snow, 20 Ill. 434; Mitchell v. Deeds, 49 Ib. 416, 420; Benson v. Morgan & Co., 26 Ill. App. 22.

After a thorough consideration of the evidence we are satisfied that they utterly failed so to do. The evidence is that appellant received the notes before maturity, for a valuable consideration, and without knowledge or notice that any of them was tainted with usury, if such was the fact. The appellant excepted to the refusal to give the following instruction, the modification of the same and the giving it as modified:

"You are further instructed, as law, that the amount of money or other valuable thing necessary to be paid by the purchaser of a note in order to constitute and

make him a purchaser for value, is immaterial.   Any sum of money, whether it be great or small, if paid in good faith, will constitute a purchaser of a note a purchaser for value.''

The court refused to give said instruction, but modified it by inserting therein the words ''of substantial value,'' and after so modifying said instruction gave the same to the jury as follows:

''You are further instructed, as law, that the amount of money or other valuable thing necessary to be paid by the purchaser of a note, in order to constitute and make him a purchaser for value is immaterial.  Any sum of money, whether it be great or small, *of substantial value*, if paid in good faith, will constitute a purchaser of a note a purchaser for value.''

The modification of the instruction was clearly erroneous.   Appellees pleaded a total want of consideration, and it was incumbent upon them to prove that defense as pleaded, and proof of any valid consideration was sufficient to disprove the averment of total failure of consideration.

It has been held by this and the Supreme Court that total failure of consideration and partial failure are separate and distinct defenses, and that under a plea of the former the latter can not be proved.   Belden v. Church, 23 Ill. App. 473; Wadhams v. Swan, 109 Ill. 46.

Appellant also excepted to the giving the following instruction, at the instance of appellees:

''The jury is instructed that the defendants had a right to call plaintiff's president as a witness, but are not concluded by his testimony, which may amount to conclusions, but only by his statement of facts in so far as they are entitled to credit, taking into consideration the reasonableness thereof and all other proper tests of its credibility and the weight of it as evidence.''

The instruction is obviously bad. It not only assumes that there may have been, in the testimony of the witness, statements not of fact, but of mere conclusions of the witness, but it leaves to the jury to determine what part of the testimony consisted of statements of fact and what of mere conclusions, which latter question is clearly one of law. It is for the court to decide whether the statement of a witness is a statement of fact or a statement of a conclusio nof the a witness, and if the latter, to exclude the statement on objection made by the opposite party, or on the court's own motion. It is the province of a jury to decide issues of fact, not questions of law.

Objections were made on the trial to certain unnecessary vituperative remarks of counsel for appellees in his opening statement to the jury, which were well calculated to prejudice the jury against appellant, but no ruling on such objections was made by the conrt and therefore the remarks are not reviewable here. West C. St. R. R. Co. v. Sullivan, 165 Ill. 302.

The judgment is reversed and the cause remanded.