(27 Misc. Rep. 232.)

HENNESSY v. MUHLEMAN et al.

(Supreme Court, Special Term, Kings County. March 20, 1899.)

CORPORATIONS—LEASE BY DIRECTORS.

    A lease by the directors of a corporation organized to acquire certain mineral lands, and others that might be determined on, and to mine the same, of the lands acquired by it, for which it had given all its stock, and on which it had expended all contributions to its treasury, is a practical abandonment of its purposes for the period of the lease, and therefore cannot be made, except with the unanimous consent of the stockholders.

Action by Charles O'Connor Hennessy, dissenting stockholder of the Pande Basin Gold Placer Company, against Maurice L. Muhleman and others, directors of said company, and against said company and the Sitka Developing Company, to restrain and avoid a lease of all the property of the former company to the latter company, made by said directors against the dissent of plaintiff and other minority stockholders. Plaintiff moves for an injunction pendente lite. Granted.

Edward M. Grout and Charles H. Hyde, for plaintiff.
Augustus Van Wyck and Eustace Conway, for defendants.

MAREAN, J. Motion for injunction restraining the consummation pendente lite of an agreement made by the board of directors to lease the company's mines for five years. If the ability of the proposed lessee to pay the proposed rent were shown, I should be strongly of the opinion that the proposed lease was in the interest

of the company. Even as the case stands, I am not convinced that it is not so, and am far from being satisfied that the directors are acting in bad faith, and not in pursuance of their judgment of what is for the interest of the company. The question, therefore, which must determine the motion, is whether the proposed lease is within the power of the board of directors, without the consent of all the stockholders. There are cases in which expressions have been used by judges which seem to go to the length of declaring that anything whatsoever which the corporation may do (that is, which may be done by the unanimous concurrence of all its stockholders) may be done by its board of directors without such concurrence, and even against the will of the stockholders. See Beveridge v. Railroad Co., 112 N. Y. 1–22, 19 N. E. 489 et seq., and cases there cited. But I apprehend that the proposition is not to be extended, even in case of a business corporation having no public duties, to such acts as in their nature involve a practical abandonment of the prosecution of the purpose for which the corporation was created; that though, for example, such a corporation, having no creditors, may, by the combined action of all the stockholders, discontinue its business, convert its assets into money, and divide the same among the stock-holders, such action is beyond the power of the directors, as such, no matter how comprehensive the charter definition of their powers, and will be enjoined at the suit of any stockholder not consenting. Pickering v. Stevenson, L. R. 14 Eq. 322–340; Railroad Co. v. Allerton, 18 Wall. 233. See Eidman v. Bowman, 58 Ill. 444; Leather Co. v. Kurtz, 34 Mich. 89. The cases in which a contrary view may seem to have been taken are cases where railroad companies have leased their entire property to other roads for a long period of years, abandoning altogether the exercise of their franchises so far as such franchises involved the operation of their roads; but in those cases the right to make such leases, and so abandon the operation of any railroad, was expressly a part of their franchises, and the collection of rentals, and the distribution of the same in dividends among stockholders, was as truly a prosecution of the business for which they were created as would have been a continued operation of their roads. I do not think the making of the lease in question in this case was beyond the powers of the corporation, in the sense that, if made with the concurrence of all the stockholders, it was void, so as to vest no legal title in the lessee for the term. The stockholders' ownership of the property, subject to any rights of creditors which are not here involved, was an absolute ownership, sub modo, and the right to lease their property involved that ownership, whether or not expressly enumerated among the corporate powers; but whether the lease was within the powers of the board of directors, without the plaintiff's concurrence, is another matter. It involves a practical abandonment for five years of the prosecution of the purposes for which the corporation was created. It was created "for the purpose of acquiring, etc., mineral lands and other real property on Baranoff Island, Alaska, and elsewhere in the United States and territories that may be determined by the company, to mine, etc., such lands." It does not appear that the company has determined to pros-

ecute their business elsewhere, and it is doubtful whether it is within the power of the directors to so determine. The Baranoff Island property, the Pande Basin mine, covered by the proposed lease, was acquired by the company, adopting the name of the mine as its corporate name, in exchange for all its stocks, except $100; and all contributions to its treasury, amounting to at least $50,000, have been expended in the development of that company. All the hopes and expectations of the stockholders are based upon its supposed mineral richness. Its promise in that regard has been the moving cause of all investment in stock of the company.

I am unable to distinguish this case, in principle, from the case of People v. Ballard, 134 N. Y. 269, 32 N. E. 54, and the other cases there cited with approval; and I have to conclude that the proposed lease is not within the power of the board of directors, without the concurrence of all the stockholders, and that the injunction should be granted. If the case shall not be tried and determined by the end of April, a motion to increase the security will be entertained.