## H. H. Barber v. The McHenry County Hedge Fence Company, for use, etc.

### Gen. No. 4,655.

1. FAILURE OF CONSIDERATION—*special plea essential to defense of.* In order to interpose the defense of failure of consideration of a note sued on, it is essential that a special plea relying thereon be filed.

2. DELIVERY—*what considered in determining question of.* In order to determine the question whether a delivery was made, the

matter of prime importance to determine is, what was the intention of· the parties in parting with control of the instrument in question.

Action in assumpsit. Appeal from the Circuit Court of McHenry county; the Hon. CHARLES H. DONNELLEY, Judge, presiding. Heard in this court at the April term, 1906. Affirmed. Opinion filed October 16, 1906.

J. F. CASEY and D. T. SMILEY, for appellant.

F. H. SMITH and LUMLEY & FIELD, for appellee.

MR. JUSTICE THOMPSON delivered the opinion of the court.

This is an action in *assumpsit* against H. H. Barber on a promissory note for the sum of $100 dated January 10, 1900, due two years after date with interest at six per cent. per annum if not paid when due, signed by Barber and payable to the McHenry County Hedge Fence Company.

The suit as originally begun was entitled Henry Bingham against H. H. Barber, but the note not being assigned by the payee, the pleadings were amended before trial, so that the plaintiff was the McHenry County Hedge Fence Company, for the use of Henry Bingham. The appellant filed the general issue and several special pleas, among them a plea of fraud and circumvention; a plea of failure of consideration; and a plea that the note was to be held by an agent of the fence company until due, and that it was agreed that it should be given back to the maker upon his return of a certificate of stock, which he had tendered back, the same being valueless. A demurrer was sustained to the last special plea and all the other special pleas were stricken from the files. No error has been either argued or assigned upon the record, questioning the action of the court with reference to the special pleas, so that all error, if any, in that regard, is waived. The case now stands upon the declaration as amended and

the general issue.   Appellee on a second trial had a verdict for $135 upon which judgment was rendered, and the cause is here by appeal.

From the evidence it appears that appellant gave the note sued on to W. W. Joslyn, president of the Mc-Henry County Hedge Fence Company and one A. R. Graham, the manager of the company, who was collecting the subscriptions to the stock of the company and delivering the stock certificates.

Appellant testified that before giving the note Graham said to him in the presence of the president: "Any time after you take this stock if you are dissatisfied and don't want the stock, you return your stock to Mr. Joslyn, the president of the company, and he will return your note.   *   *   *   I did not want the stock, but Joslyn said any time I was dissatisfied you deliver your stock to me and I will deliver your note to you. *   *   *   He said 'it won't go anywhere else except to the McHenry County Hedge Fence Co.;'" and Barber testified that upon these representations he signed the note and left it with these representatives of the corporation.

It also appears from the stock subscription list of the corporation, that appellant, prior to October 24, 1899, had signed the stock subscription for $200 of the corporation stock at the time of the organization of the company, and that at the time of signing the note a certificate for two shares of stock of the company was issued to him.   This, from the evidence, seems to be the only certificate of stock he ever received from the company.   The note appears to have been turned over by Graham to another similar corporation, the Rockford Hedge Fence Company, and by it sold to appellee, Bingham.   The note never having been indorsed, it is subject to the same defense in the hands of Bingham that could have been urged against it in the hands of the McHenry County Hedge Fence Company.

Counsel for appellant "call the attention" of the

court to certain correspondence offered by appellee in rebuttal between E. O. Joslyn and R. P. Hamblin, and between A. J. Lovejoy and W. W. Joslyn, saying it is incompetent and in no way relevant to the issue involved. Counsel do not point out how it is incompetent or irrelevant, and make no argument concerning it. The letters were admitted by the court subject to objection, and afterwards the court ruled it all out from the consideration of the jury. We do not understand what is meant by admitting correspondence subject to objection in a jury trial, unless it be that it was not read to the jury, but was presented to the court and he reserved his ruling on the separate letters until it was all before him that he might see if there was anything in them that might render them competent or relevant, and when nothing appeared making them competent or relevant he ruled on their admission and ruled them out. The record does not state these letters were read to the jury. The letters contained nothing concerning the parties to the case or the note in question, and the error, if any there was, in not ruling on the admissibility of each letter separately is harmless.

Counsel have argued and insist that the case should be reversed, because, they say, there was a failure of consideration for the note. There was no plea of that kind remaining on file and no error has been assigned on the ruling of the court upon the special plea, even if it had been a good plea. There must be a special plea to raise the question of failure of consideration. Statute, Title, Negotiable Instruments, Sec. 9; Belden v. Church, 23 Ill. App. 473; Taft v. Myerscough, 92 Ill. App. 564.

The only remaining question argued is, was the note delivered? We have reviewed the evidence touching that question. If there was any evidence tending to prove delivery, then the verdict of the jury must stand, unless it is against the preponderance of the evidence. It is said the note was given to Graham, the manager

of the company, upon a prior agreement that it should be returned to appellant if he became dissatisfied before it became due. The note was absolute on its face. We understand the rule to be that the maker of a promissory note absolute on its face cannot show as a defense thereto, even against the payee, an oral contemporaneous agreement which makes the note payable only on a contingency. Walker v. Crawford, 56 Ill. 444; Foy v. Blackstone, 31 Ill. 541; Weaver, Admr., v. Fries, 85 Ill. 356.

What was the intention of the parties at the time the note was handed to Graham, the general manager, in the presence of the president of the company? If it was the intention of both parties that it was to be given back, we are at a loss to see why appellant signed it. He seems not to have become dissatisfied with his stock and did not want his note back until it was in the hands of other parties. The controlling element in determining the delivery, as well as the acceptance of the note, is the intention of the parties. There was evidence tending to prove delivery, and we cannot say that the verdict is not sustained by the evidence.

There being no question raised upon the instructions, and the jury having found it was delivered, the verdict should not be interfered with, and not finding any reversible error in the case, the judgment will be affirmed.

*Affirmed.*