William R. T. Ewen, Jr., Appellee, v. Walter B. Templeton, Appellant.

Gen. No. 14,386.

1. NEGOTIABLE INSTRUMENTS—*who may sue upon.* An endorsee vested with the legal title but without pecuniary interest in a promissory note may maintain an action at law to recover thereon.

2. NEGOTIABLE INSTRUMENTS—*burden to establish plea of want*

*of consideration.* The burden is upon the defendant to establish his plea of want of consideration.

Assumpsit. Appeal from the Municipal Court of Chicago; the Hon. W. W. MAXWELL, Judge, presiding. Heard in this court at the March term, 1908. Affirmed. Opinion filed April 12, 1909.

**Statement by the Court.** Appellee was plaintiff and appellant defendant in the trial court. The pleadings are a declaration containing only the common counts and a plea of the general issue and a special plea, in which it is averred, "that the notes, copies of which are filed with the plaintiff's said declaration, and referred to in his affidavit of claim, were made and delivered by the defendant without any good or valuable consideration therefor, and solely as an accommodation to the said E. H. Bingham, payee therein, and that the said notes and each of them were transferred by the said E. H. Bingham to the said plaintiff after the maturity thereof, and without any good or valuable consideration being paid or given therefor by the said plaintiff, the said plaintiff then and there having notice that the said notes and each of them were made and delivered by the said defendant without any good and valuable consideration therefor".

The cause was tried by the court, without a jury, and the court found the issues for the plaintiff, overruled motions by the defendants for a new trial and in arrest of judgment and rendered judgment on the finding.

The suit is on two promissory notes, each dated October 26, 1905, each for the sum of $1,500, payable to the order of E. H. Bingham, with interest at the rate of five per cent. per annum, one of them being payable on or before one year after date, and the other being payable on or before two years after date. Each note contains a statement by the maker, that he has deposited with E. H. Bingham, as collateral security for the two notes, a certificate of stock number 10 of Templeton, Kenly & Co. Limited, for twenty-eight shares, in the name of Edward H. Bingham, and authorizing

said Bingham, his agent or assignee, to sell said shares, or any part thereof, on the maturity of the note, or before, in the event of the security depreciating in value, at public or private sale, without advertisement, demand of payment or notice, etc. The one year note is endorsed as follows:

"For value received I hereby transfer all my right, title and interest in the within note to F. W. Rockwell or order, and guarantee the payment of same.

E. H. BINGHAM.

April 12/06.

For value received I hereby transfer all my right, title and interest in the within note to E. H. Bingham.

F. W. ROCKWELL.

Oct. 26/06 Interest $75.00 Paid to date.

Dec. 12/06 Paid on Account ($500.00) Five Hundred Dollars.

E. H. BINGHAM".

The two year note is endorsed as follows:

"Oct. 26/06 $75.00 interest to date paid.

For value received I hereby transfer all my right, title and interest in the within note to F. W. Rockwell or order and guarantee the payment of same.

E. H. BINGHAM.

April 12, '06.

For value received I hereby transfer all my right, title and interest in the within note to E. H. Bingham.

F. W. ROCKWELL."

"E. H. BINGHAM".

The plaintiff put the notes, with their endorsements, in evidence. Wm. T. R. Ewen, Jr., plaintiff, cross-examined by defendant's attorney, testified that he acquired title to the notes about November 5, 1907; that it might have been a day or two between that; that they were turned over to him by Mr. Brown, and that the last endorsement, "E. H. Bingham", was on them when he received them; also that he paid no money or other consideration for the notes. On redirect, he testified that he was an assistant of Mr. Brown, the plaintiff's attorney, in his office, and brought suit in his,

plaintiff's, name, by Mr. Brown's request, and, on re-cross, he testified that he had no pecuniary interest in the notes.

Frederick A. Brown, plaintiff's attorney, examined by defendant's attorney, testified that he claimed an interest in the notes, and acquired his interest a day or two before suit brought, and after the maturity of the notes, and that he claimed no rights other than the original payee of the notes had; that he got the notes from E. H. Bingham, paid nothing for them, and was prosecuting the suit for the benefit of Bingham and himself.

Edward H. Bingham was examined by the defendant's attorney as if under cross-examination, and testified, in substance, as follows: F. W. Rockwell is his father-in-law, and the endorsements to him were made about the dates of the notes, and the notes were delivered to him, and Rockwell's endorsements dated April 12, 1906, were made about that date, and the notes were then delivered to him, Bingham, and since April 12, 1906, they were in his possession until they went, about October 1, 1907, to the Union Trust Co. for collection, where they were till about the end of October, when they were returned to witness. The endorsements of payments on the one year note were made by witness. The defendant gave witness a check for $150 about October 26, 1906, and about December 12, 1906, he received from defendant a check for $500. The twenty-eight shares of stock of Templeton, Kenly & Co. Limited, and about $300 which Mr. Templeton owed witness, were the consideration for the notes. The shares are of the par value of $50 each. The certificate is dated November 6, 1901. Witness had owned the stock since that time. He was a director of the company, and thinks, but is not positive, that he was secretary of the company when the notes were executed; that he has held different offices, at different times, in the company. Witness then goes on to say that several times he offered to sell the stock to the

defendant, without success, but, finally, October 26, 1905, defendant purchased it. On re-direct, he says he does not own the stock, but holds it merely as collateral security.

Walter B. Templeton, defendant, called as a witness for himself, testified, in substance, as follows: Bingham explained to witness that he wanted to raise money for his father-in-law, and asked witness to buy the stock, which he refused, and he said if witness would give him notes for it, he could negotiate with his father-in-law, and I agreed to give him two notes aggregating $3,000 for the purpose of accommodation. "The notes were drawn for the purpose appearing on the face of them, only with the exception that, as far as I was concerned, the proceeds of them were for the purpose of liquidating some of his indebtedness, and, if necessary, he would take them up from time to time". Witness never agreed to buy from Bingham twenty-eight shares of stock, and the certificate was never delivered to witness. Witness told Bingham that, if he held the stock, he thought it would be worth $3,000; but did not agree to pay him that for it. On cross-examination, witness admits paying Bingham money since the execution of the notes, and that he paid him $500, by check. Asked why he paid the $500 if he did not owe the notes, he says that morally he owed them, because he had signed them; but that the notes were given for the purpose of extending credits to Bingham, so that he might be able to raise some money, and that the notes were purely on an accommodation basis. The following letter was shown to the witness, and he testified that he never saw the original of the letter:

"October. 26, 1905.

WALTER B. TEMPLETON,
    Chicago, Ills.

DEAR SIR:—Referring to my conversation today, I hereby confirm the agreement that the notes amounting to $3000, given to me today, are in full payment of all the money and interest due me from you previ-

ous to this date, as well as for all my stock of Templeton, Kenly Company, Limited.

Yours truly,

E. H. BINGHAM".

E. H. Bingham, called by plaintiff, testified, in substance, as follows: The copy of letter just read is in witness' handwriting, and witness sent the original to defendant about the date of the copy. Witness received a telephone statement that defendant had received the letter. The letter was sent because defendant had stated that he wished to have it clearly stated in writing that the notes included not only the stock, but the money which he owed witness. The defendant put in evidence minutes of meetings of the stockholders of Templeton, Kenly & Co., Limited, held, respectively, August 19, 1904, and February 16, 1907, showing that E. H. Bingham represented twenty-eight shares of stock at said meetings. At the meeting held February 16th, E. H. Bingham was unanimously elected a director.

Edward H. Bingham, recalled, testified: On or about that time, Mr. Templeton requested me to keep the stock in my own name, that I might act as a director and officer, which was the reason of my so keeping it. He also testified that the following letter is in defendant's handwriting, and that he, witness, received it November 11, 1907:

"E. H. BINGHAM,

DEAR SIR:—Don't you think your action regarding notes has been, to say the least, unworthy of you, particularly when you consider that I agreed to take your stock in order to help you out, there being no other reason for so doing? Your present attitude will not benefit you at all, and I think in your talking over the situation here some understanding and arrangement can be made.

Yours truly,

WALTER B. TEMPLETON".

Witness answered defendant's letter by letter of date November 11, 1907, in evidence, stating, in substance,

that he never considered the purchase of the stock by the defendant as a favor, and understood the defendant as saying, the ·summer before, that he could sell the stock for more than he paid for it, etc., and stating that the notes were no longer in his hands, and he did not know what was being done to collect them. November 11, 1907, was six days after suit was commenced.

November 16, 1907, defendant answered the last letter, insisting that he executed the notes for Bingham's accommodation.

NEWMAN, NORTHRUP, LEVINSON & BECKER, for appellant.

FREDERICK A. BROWN, for appellee.

MR. PRESIDING JUSTICE ADAMS delivered the opinion of the court.

Counsel for appellant, defendant below, rely on three contentions: First, that the finding of the court is against the weight of the evidence; second, that the plaintiff had not title to maintain his suit; and third, that the court erred in refusing to hold certain propositions as law, submitted by counsel for defendant.

We do not deem it necessary to comment on the contention that the finding is against the weight of the evidence, as we think the evidence itself, which is substantially set forth in the preceding statement, a sufficient answer to it. We think the finding supported by the greater weight of the evidence.

In support of contention two counsel cite and rely on Porter v. Cushman, 19 Ill. 572, and Moore v. Maple, 25 *ib*. 341. The former case is thus stated by the court: "This was an action brought by Maria Cushman against the appellants, upon a promissory note made by them and payable to the order of De Puy,. and by him specially indorsed to James Strain, and no indorsement by Strain, either to plaintiff or in blank". On the trial, the court permitted Cushman, the

plaintiff, to strike out the name of Strain and insert her own, as endorsee, and this was held reversible error. In the present case the notes came to the plaintiff's hands, endorsed in blank by E. H. Bingham, the last endorser. In Moore v. Maple, the court, following Porter v. Cushman, held that while a party who is the equitable owner of commercial paper may, on the trial, be permitted to invest himself with title, by erasing endorsements or filling up blanks in endorsements, one who is not shown, by the evidence, to be the equitable owner of the paper cannot be permitted so to do. Very clearly, the cases cited have no application to the facts of this case. The notes being endorsed in blank by the last endorser, plaintiff, into whose hands the note came, had legal title to maintain the suit. McHenry v. Ridgely, 2 Scam. 309; Burnap v. Cook, 32 Ill. 168; Palmer v. Nassau Bank, 78 *ib.* 380; Morris v. Preston, 93 *ib.* 215; Central School Supply House v. Donovan, 70 Ill. App. 209.

In Morris v. Preston, the court say: "All know that bank bills, treasury warrants, notes payable to bearer, and bills and notes endorsed in blank, pass by mere delivery". While the plaintiff might have written under Bingham's signature an order to pay to him-self, this was not at all necessary. It was the delivery to him, with the endorsement in blank, which carried the legal title and right to sue.

The third contention is that the court erred in refusing to hold as law defendant's propositions fourth, fifth and sixth. The theory of these propositions is, that it was incumbent on the plaintiff to prove, by a preponderance of the evidence, that the notes in suit were not accommodation notes, but were given for a valuable consideration, in other words, to prove that the defendant's special plea was untrue. This might be very convenient for the defendant, but it is not the law. The law is otherwise. Chicago T. & S. Bank v. Landfield, 73 Ill. App. 173, 178, and cases cited.

In Stacker v. Hewitt, 1 Scam. 207, the suit was debt

on a sealed note, and it was pleaded that the note was given without any consideration. The court, after referring to the statute relative to promissory notes, bonds, etc., say: ''This act of itself, then, would make any instrument, coming within the description named, *prima facie* evidence, although it did not express on its face to have been given for value received, and render the proof by the plaintiff of a consideration unnecessary. But it is considered well settled, and a principle admitting of no doubt, that the defendant by his plea was bound to sustain by proof the existence of the fact averred in his plea, and upon which the plaintiffs had taken issue''.

In Benson v. Morgan, 26 Ill. App. 22, the defendant pleaded that the consideration of the note sued on was illegal, in respect to which the court (*ib*. 25) held that the burden was on the defendant to prove his plea by a preponderance of the evidence, citing Pixley v. Boynton, 79 Ill. 351. The court properly refused to hold the propositions, and each of them, as law.

The judgment will be affirmed.

*Affirmed.*