(January 11, 1919.)

## CARL TITUS, Respondent, v. PAUL STATE BANK, a Corporation, et al., Appellants.

[179 Pac. 514.]

BANKING CORPORATIONS—STOCKHOLDERS—RIGHT TO PURCHASE AUTHORIZED, UNISSUED STOCK—INJUNCTION.

1. A stockholder has a right to purchase such proportion of the unissued, authorized capital stock of a corporation, when the issuance and sale thereof are directed, as his holdings bear to the stock then outstanding.

2. Sess. Laws, 1911, chap. 124, sec. 15, p. 390, wherein it is provided that after the amount of capital of a banking corporation required by sec. 11 thereof is paid in, the subscription for the balance is subject to the direction of the stockholders and directors, does not affect the right of a stockholder to purchase unissued, authorized stock when its issuance and sale are directed.

3. If a banking corporation orders unissued, authorized capital stock to be issued and sold and does not give a stockholder an opportunity to exercise his right to purchase his proportionate share, it may be compelled, in a proper action, to do so and may be enjoined from committing acts which would make it impossible for him to exercise his right.

APPEAL from the District Court of the Fourth Judicial District, for Minidoka County.     Hon. H. F. Ensign, Judge.

Suit for injunction.  Judgment for plaintiff.  *Affirmed.*

Peterson & Baker, for Appellants.

Where the full amount of the original capital stock has never been subscribed for, and the full number of shares thereof has never been issued, if the directors then see fit to accept or solicit subscriptions for the shares remaining untaken, they are not obliged to give to those who are already shareholders any preference, but may offer the fresh shares in open market.   (Morse on Banks and Banking, sec. 707.)

Even conceding, for the purpose of the argument only, that in the case of increased capital stock the old stockholders have a right to purchase their proportion thereof, the rule does not extend to authorized but unissued capital stock. (*Curry v. Scott*, 54 Pa. St. 270; Morse on Banks and Banking, *supra*.)

There is no showing made that the appellant in this case cannot respond in damages; there is no difficulty in ascertaining the proper measure of damages in case it is deemed and held that the respondent in this case has been injured. The proper remedy is an action in damages. (*Meredith v. New Jersey Zinc & Iron Co.*, 55 N. J. Eq. 211, 37 Atl. 539; *Bonnet v. First Nat. Bank*, 24 Tex. Civ. App. 613, 60 S. W. 325.)

Homer C. Mills and Dampier & Codding, for Respondent.

Respondent, as a stockholder, had a right to subscribe for and have allotted to him his proportionate interest in and to unissued and unsubscribed original capital stock of the defendant, Paul State Bank. The directors of said corporation have no right to authorize the sale of said stock, and have no authority to deny the stockholders of said corporation the right and opportunity of purchasing their proportionate interest in and to such stock. (Thompson on Corporations, sec. 3642; *Gray v. Portland Bank*, 3 Mass. 364, 3 Am. Dec. 156; *Reese v. Bank of Montgomery*, 31 Pa. St. 78, 72 Am. Dec. 726; *Humboldt Driving Park Assn. v. Stevens*, 34 Neb. 528, 33 Am. St. 654, 52 N. W. 568; *Eidman v. Bodman*, 58 Ill. 444, 11 Am. Rep. 90; *Luther v. Luther Co.*, 118 Wis. 112, 99 Am. St. 977, 978, 94 N. W. 69; *Hammond v. Edison Illuminating Co.*, 131 Mich. 79, 100 Am. St. 582, 90 N. W. 1040; *Stokes v. Continental Trust Co.*, 186 N. Y. 285, 9 Ann. Cas. 738, 78 N. E. 1090, 12 L. R. A., N. S., 969 and note; Thompson on Corporations, sec. 3649, 3650; *Dousman v. Wisconsin etc. Min. & Smelting Co.*, 40 Wis. 418; *Baltimore City Pass Ry. Co. v. Hambleton*, 77 Md. 341, 26 Atl. 279; *Bonnet v. First Nat. Bank*, 24 Tex. Civ. 613, 60 S. W. 325; *Way v. American Grease Co.*, 60 N. J. Eq. 263, 47 Atl. 44.)

MORGAN, C. J.—Respondent filed his complaint seeking an injunction against appellants restraining them, during the pendency of the action, from conveying, or in any manner disposing of, or concealing, fifty shares of the stock of appellant bank, and praying that the same be canceled and surrendered to the court to be returned to the corporation for the use and benefit of all the stockholders; also that, upon final hearing, the injunction be made perpetual, and for damages. A temporary injunction was issued commanding appellants to refrain from the acts sought to be enjoined. Appellants filed a general demurrer and a motion to dissolve the injunction on the ground that the complaint did not state facts sufficient to constitute a cause of action. The demurrer and motion were overruled, appellants failed to plead further and, on motion of respondent, a judgment, as prayed for in the complaint, except as to damages, was entered. This appeal is from the judgment and order overruling the motion.

It appears from the complaint that appellant corporation is engaged in a general banking business and that it is capitalized at $25,000, divided into shares of $100 each; that on January 7, 1918, the amount of capital stock actually subscribed by and issued to the stockholders was $20,000, or 200 shares, 100 shares being held by respondent, 9 shares by appellant, Warren, and 91 shares by other persons. That on January 8, 1918, a majority of the directors held a meeting at which the following resolution was adopted:

"That the vice-president and cashier be authorized to sell the remaining fifty shares of stock at the rate of $110, and the interest at the rate of 10% per annum, from November 1, 1917."

Immediately upon the passage of the resolution, without notice to any stockholder, except those present, the vice-president and cashier pretended to sell the. 50 remaining shares of stock to appellant, Warren. That at the time of the pretended sale and transfer the respondent was, now is, and ever since has been, ready, able and desirous to subscribe for, and have allotted to him 25 shares of the stock, but by reason

of the wrongful acts of appellants, he was prevented from doing so; also that had he had notice it was going to be sold he would have purchased at least 25 shares, being his proportionate interest thereof. That notwithstanding the fact that appellants had knowledge, at the time of the sale, that the stockholders, including respondent, had been denied notice and the right and opportunity to purchase their proportionate interests in the remaining stock to be sold, and in violation of respondent's right, and with intent and purpose of cheating and defrauding him and other stockholders of their proportionate interest in the remaining stock, the sale and transfer were consummated; that the stock is now in the possession of appellant, Warren, and respondent has no plain, speedy and adequate remedy at law for the protection of his rights.

If a part of the authorized capital stock of a corporation remains unissued, in the absence of a statute to the contrary, each stockholder has a right to purchase such proportion of it, when the issuance and sale thereof are directed, as his holdings bear to the stock then outstanding. (*Bank of Montgomery v. Reese,* 26 Pa. St. 143; *Wilson v. Bank of Montgomery,* 29 Pa. St. 537; *Reese v. Bank of Montgomery,* 31 Pa. St. 78, 72 Am. Dec. 726; *Morris v. Stevens,* 178 Pa. St. 563, 36 Atl. 151; *Gray v. Portland Bank,* 3 Mass. 364, 3 Am. Dec. 156; *Eidman v. Bowman,* 58 Ill. 444, 11 Am. Rep. 90; Angell & Ames on Corp., 9th ed., sec. 554; *Humboldt Driving Park Ass'n. v. Stevens,* 34 Neb. 528, 33 Am. St. 654, 52 N. W. 568; 1 Cook on Corp., 7th ed., secs. 70, 286; *Crosby v. Stratton,* 17 Colo. App. 212, 68 Pac. 130; *Luther v. Luther Co.,* 118 Wis. 112, 99 Am. St. 977, 94 N. W. 69; Fletcher's Cyclo. Corp., sec. 3479.)

Sess. Laws 1911, chap. 124, sec. 15, p. 390, is as follows: "At least fifty (50) per cent of the capital of every bank hereafter formed shall be paid in before such bank shall be authorized to commence business, and the remainder of the capital of such bank shall be paid in in monthly instalments of at least ten (10) per cent each on the whole of the capital, payable at the end of each succeeding month from the time it shall be authorized to commence business, and the pay-

ment of each instalment shall be certified to the bank commissioner, under oath by the president, cashier or treasurer of each bank; provided: That where an amount is paid in equal to the requirements prescribed in section 11, the subscription for the balance shall be subject to the direction of the stockholders and directors, and the payment of such subscription subject to the directors.''

Sec. 11 referred to prescribes the amount of property a banking corporation must have before it is lawful for it to commence business.

The purpose of the proviso found in sec. 15 is to relieve the corporation, when sec. 11 has been conformed to, from the restrictions placed upon its right to commence business, and from the requirements relative to the time when, and the instalments in which, stock must be paid for. It does not affect the right of a stockholder to purchase his proportionate share of unissued, authorized stock when the issuance and sale thereof are provided for by the stockholders and directors. We have no statute affecting that right and when respondent was prevented from exercising it, to his injury, a right of action to redress the wrong done him, resulted. (*Reese v. Bank of Montgomery,* 31 Pa. St. 78, 72 Am. Dec. 726; *Trask v. Chase,* 107 Me. 137, 77 Atl. 698; *Stokes v. Continental Trust Co.,* 186 N. Y. 285, 9 Ann. Cas. 738, 78 N. E. 1090, 12 L. R. A., N. S., 969; *Gray v. Portland Bank, supra.*)

It is urged by appellant that it is necessary to allege a demand, and an offer, to subscribe on the part of respondent. The complaint shows that respondent was not given an opportunity to make a demand or to offer to subscribe; that when he first learned the stock was to be issued it had already been sold to one of appellants. It would have served no useful purpose to make such a demand or offer. The demurrer was properly overruled.

The remaining question is whether injunction is a proper remedy. In this case the complaint, taken as confessed by the demurrer, shows that respondent has a right to purchase his proportionate share of the stock attempted to be sold by the bank. Unless appellants are enjoined and the acts com-

plained of prevented, he will be deprived of that right.  A court of equity will protect him therein by injunction.  (4 Thompson on Corp., 2d ed., secs. 3649, 3650; Clark & Marshall on Corp., sec. 408; 1 Cook on Corp., 7th ed., sec. 286; *Humboldt Driving Park Assn. v. Stevens, supra; Cunningham's Appeal,* 108 Pa. St. 546; *Dousman v. Wisconsin etc. Min. & Smelt. Co.,* 40 Wis. 418.)

The judgment and order appealed from are affirmed. Costs are awarded to respondent.

Rice, J., concurs.

Budge, J., deeming himself to be disqualified, did not sit with the court nor participate in the decision.

Petition for rehearing denied.