## Case No 6,907.

### HUNTER v. KIBBE et al.

[5 McLean, 279.] [1]

Circuit Court, D. Michigan. June Term, 1851.

BILL OF EXCHANGE—ACCEPTOR—PRESUMPTION OF OWNERSHIP.

The acceptor of a bill, which came into his possession after it had been put in circulation, is presumed to be the owner of the bill, and entitled to recover its proceeds from the drawer.

At law.

Mr. Davidson, for plaintiff.
Emmons & Tams, for defendants.

OPINION OF THE COURT. This action is brought against the drawers of a bill of exchange, for fifteen hundred dollars. The plaintiffs bring the action as acceptors of the bill. On the trial it was objected that the possession of the bill was not sufficient to show the right of the plaintiffs to maintain the action. In 2 Greenl. Ev. § 170, it is said: "Where the action is by an accommodation acceptor, against the drawer, either for money paid, or especially for not indemnifying the plaintiff, in addition to the proof of drawing the bill, and of the absence of the consideration, the plaintiff should prove payment of the bill by himself, or some special damage or liability to costs, by reason of his acceptance." And the case of Pfiel v. Vanbatenberg, 2 Camp. 439, and, also, Bayley, Bills & N. 304–308, are referred to. The acceptance of the bill is prima facie evidence of funds of the drawer in the hands of the acceptor. But in this case the acceptor accepted for the accommodation of the drawers. The bill was negotiated, and has come back to the acceptor. Under these circumstances, we think the possession of the bill is prima

[1] [Reported by Hon. John McLean, Circuit Justice.]

facie evidence of the right of the holder to sue. In the case of Dugan v. U. S., 3 Wheat. [16 U. S.] 172, the court say: "After an examination of the cases on this subject, (which cannot, all of them, be reconciled), the court is of opinion, that if any person who indorses a bill of exchange to another, whether for value, or for the purpose of collection, shall come to the possession thereof again, he shall be regarded, unless the contrary appear in evidence, as the bona fide holder and proprietor of such bill, and shall be entitled to recover, notwithstanding there may be on it one or more indorsements in full, subsequent to the one to him, without producing any receipt or indorsement back, from either of such indorsers, whose names he may strike from the bill or not, as he may think proper."

We think the case before us is within the above case. The possession of the bill, under the circumstances, is evidence, prima facie, of the right to sue, and to the contents of the bill. In the same section above cited, Mr. Greenleaf says: "The mere production of the bill by the plaintiff is not sufficient proof that he has paid it, unless he shows, that it was in circulation after it was accepted." The motion to dismiss the suit is overruled.