Parks v. Holmes.

ROLLIN G. PARKS, Appellant, v. HOMER HOLMES, Appellee.

APPEAL FROM LA SALLE COUNTY COURT.

A plea of failure of consideration to an action upon a note, should state particularly in what the failure consisted. If for mason-work imperfectly done, the character and kind of imperfection must be set forth. General allegations are not sufficient.

A defendant who has the benefit of a question under one plea, that he would have had under another, to which a demurrer has been sustained, cannot complain.

A party has not the right to continue to present the same defense by different pleas ; when this is done, all but one may be struck from the files.

THIS was an action of assumpsit, brought upon a promissory note, by Holmes against Parks, in the La Salle County Court. The declaration contained two counts.

The first count alleges that the defendant on, to wit, the 28th day of October, 1857, made his note in writing, by the name of R. G. Parks, pr. M. Burns, and delivered the same to William Hochshied and Joseph Schmahl, and then and there promised the said William Hochshied and Joseph Schmahl, by the name of Hochshied & Schmahl, the sum of $200, for value received, ninety days after date ; and that said William Hochshied and Joseph Schmahl, by the name of Hochshied & Schmahl, indorsed the note to plaintiff.

2nd. The common counts.

The defendant filed three pleas to this declaration :

1st. The general issue to the whole declaration.

2nd. Plea of total failure of consideration.

3rd. A plea to the first count—that the consideration of the note in said first count has wholly failed in this, to wit: That the sole and only consideration of said promissory note was the work and labor of said Hochshied and Schmahl, before that time done and performed by them for said defendant, in and about certain masonry which said Hochshied and Schmahl had contracted and agreed to do for the defendant, and that said work was done in so unskillful and unworkmanlike a manner that the same became and was wholly useless and of no value to the defendant ; and he avers that the said note was assigned and transferred by said Hochshied and Schmahl to the said plaintiff after the same became, by the terms thereof, due and payable ; and concluded with a verification.

The plaintiff filed a similiter to the general issue.

Also a general demurrer to the second and third pleas of. the defendant, assigning for cause, that the defendant, in pleading failure of consideration, in said second and third pleas, of the note declared on in plaintiff's declaration, has not set forth with

the certainty required, the consideration for which said notes were given, and that said second and third pleas are vague and uncertain.

The defendant joined in demurrer.

After the argument the court overruled the demurrer as to the second plea and sustained it to the third plea.

The defendant abided by the demurrer.

On same day the plaintiff filed two replications to the second plea:

1st.    That the note was not assigned after it became due.

2nd.    That the consideration had not failed in manner and form as defendant, etc., had alleged.

The cause was tried by the court, and judgment rendered for plaintiff.

CHUMASERO & ELDREDGE, for Appellant.

C. BLANCHARD, for Appellee.

WALKER, J.    The assignment of errors questions the correctness of the decision of the court below, in sustaining a demurrer to appellant's third plea. It was to the first count, and was intended as a plea of failure of consideration. It alleged that the sole and only consideration of the promissory note declared on, was work and labor performed by Hochshied and Schmahl before the giving of the note, for the defendant, in and about certain masonry which they had contracted to do for the defendant, and that the work was performed in so unskillful and unworkmanlike a manner that the same became and was wholly useless and of no value to the defendant; and that the note was assigned and transferred by Hochshied and Schmahl, the payees, to the plaintiff, after the same became, by the terms thereof, due and payable. A plea that the whole consideration of a note has failed must show wherein it has failed, or it will be insufficient. It, like all other pleas which set up affirmative matter, to be sufficient must be certain to a common intent. It should be direct and positive in the averment of facts, and not state mere conclusions. The very object of a special plea being to apprise the plaintiff of the grounds of defense, it should state all the material facts constituting that defense clearly and distinctly, so as to inform the opposite party of what he has to meet on the trial. This degree of certainty has always been required by the practice of the courts of this State, and the decisions of this court have been uniform in requiring the plea to particularly disclose the manner in which the consideration has

failed; and that a mere averment that it had failed, or that it was for property or labor which was insufficient as a consideration, is not sufficiently certain.

The plea under consideration is defective in not disclosing wherein the consideration had failed. It alleges that the note was given in consideration of masonry work which " was done in so unskillful and unworkmanlike a manner that the same became and was wholly useless and of no value to defendant." It does not state in what the unskillfulness consisted, whether from defective materials used, unskillfulness in putting them together, or the performance of the labor at an improper time. But it leaves it to conjecture whether one or another of these, or other facts, would be relied upon to establish the defense.

It was urged that as the demurrer was joint to both pleas, that the court erred in sustaining it to the one and overruling it to the other. The second plea presented to the whole declaration the same defense that the third did to the first count, and was equally defective, and the demurrer should likewise have been sustained to it. But the defect in the second plea was waived by filing replications and going to trial.

The appellant, by his second plea, obtained all that he could have done under his third plea. By the second plea he was permitted to introduce all matters of defense which he could have done under the third. And even if the third plea had been sufficient, having under the other plea received all the benefit he could have had by his third plea, he would have no right to complain. A defendant has no right to continue to present the same defense by different pleas. The whole object of pleading is answered when a particular defense is set up by one plea, and nothing beneficial can be attained by its repetition in the same record. And where two or more pleas, presenting in all respects the same defense, are interposed, all but one should be stricken from the files, as they only uselessly encumber the record.

The judgment of the court below is affirmed.

*Judgment affirmed.*