JOHN D. EASTER, impleaded with Chas. G. Scott, Plaintiff in Error, *v.* IRA MINARD, Defendant in Error.

ERROR TO KANE.

If fraud and circumvention are used to procure the execution of a note, and the payee is informed of it, it is void. It is otherwise in reference to fraud in the consideration of the note.

If it appears that a suit on a note is brought in the name of a person who is not the beneficial holder, the same defense can be made as if the suit were in the name of the payee.

THIS suit was commenced by defendant in error against the plaintiff in error, in assumpsit, upon a promissory note signed by the plaintiff in error, and Charles G. Scott, and tried at the May term, A. D. 1860, of the Kane Circuit Court, I. G. WILSON, Judge, presiding, and a jury. The note was joint and several. The plaintiff in error joined with Scott, and filed a plea of the general issue, and John D. Easter filed his two separate special pleas, in which he set up that the execution of said note was obtained from him by fraud and circumvention. To the first special plea the defendants in error joined issue, and filed a general demurrer to the second special plea. The plaintiff in error joined issue on said demurrer, and gave judgment against said

second special plea, by which said plea the plaintiff in error elected to stand.

There was judgment for Minard in the Circuit Court.

C. B. WELLS, for Plaintiff in Error.

W. D. BARRY, for Defendant in Error.

WALKER, J. The third plea filed by the appellant, avers, that the note sued upon was obtained of him by fraud and circumvention. That both the payee and the principal, to induce him to execute it as security, falsely, fraudulently and collusively agreed and promised, that one Parks should also execute the note as co-security, and that unless he should execute the note, it should not be delivered to, or received by the payee, and that relying upon the agreement, he executed it as such security, but that in fraud of the agreement the note was delivered to, and received by the payee, although Parks did not execute it. To this plea a demurrer was interposed, which was sustained by the court, and appellant abided by his plea, and assigns the judgment of the court as error.

This then, presents the question, whether these facts show that fraud and circumvention were used in obtaining the making or execution of the note. Representations affecting the consideration of a note, have uniformly been held not to be the fraud contemplated by this provision of the statute, but that it must relate to procuring the execution of the note itself. It has been said that if a person represents a note to contain a particular sum, when in truth the sum is much larger, and thereby procures its execution, such would be a case contemplated by the statute, and the note would be void. *Woods* v. *Hynes*, 1 Scam. 103; *Mulford* v. *Shepard*, ib. 583. The false and fraudulent representations in this case related alone to the procurement of the execution of the note, and not to the consideration. The plea avers that the payee participated in the fraud, and intended to reap its benefits, and we think brings this defense fully within the statute, and that the plea was good, and that the demurrer should have been overruled.

It was urged on the argument that the decision of the case of *Young* v. *Ward*, 21 Ill. 223, is decisive of this case. In that case the payee of the note did not participate in the fraud, nor had she any notice that the representations had been made to the surety. And the statute obviously intended to render the note void, only where the payee commits, procures or has knowledge of the fraud, before he receives the instrument. Where the payee is free from all fraud or participation in procuring the ex-

ecution of the instrument, he cannot be held responsible for the wrong inflicted, but it is otherwise when he is by any means a party to it. It then follows that that case is not an authority in this.

It is urged that the plaintiff's second instruction was erroneous because it told the jury that if they believed, from the evidence, that appellant had not been injured, or his liability extended by the false representations of the payee, they should find for him. This entire defense proceeds upon the ground that appellant was only a surety, and unless he occupied that relation to the note, it was unavailing. Ferson testified that he held a note against the makers of this, for the same amount, and that the money for which this note was given, was paid to him in its satisfaction. Now if appellant jointly owed the money to Ferson, and was not a security to Scott on that note, then he would clearly be a principal in this note, and this defense would be inadmissible. On this question the evidence was conflicting, and it was proper to leave that question to the jury. This instruction may have been indefinite, in not sufficiently pointing to the question of whether appellant executed this note as principal or as a surety.

It appears from appellee's answer to the bill of discovery, that he only held the note as collateral security to a debt of his against the payee. And that it had been fully paid and satisfied. This, then, leaves the case in all respects to be tried precisely as if the suit had been instituted by the payee. The suit is for his benefit, and as appellee is not the beneficial holder, the same defense may be made as if the suit were in the name of the payee. So that in any point of view in which the case may be considered, there can, as we think, be no doubt that this defense was properly admissible.

The judgment of the court below must be reversed, and the cause remanded.

*Judgment reversed.*