## JOHN CHRISTOPHER, Impleaded, etc.

*v.*

## PRENTISS D. CHENEY.

1. PLEA *of failure of consideration—whether sufficient.* In an action on a promissory note, a plea of failure of consideration must aver more than the mere failure—it must disclose the manner of the failure.

2. In an action on a note dated October 22d, 1868, the defendant pleaded a failure of consideration, averring that the consideration was an agreement to cancel judgments rendered on the 24th of October, .1868, and a failure to cancel such judgments; but there was no averment to indicate how an agreement to satisfy judgments obtained subsequently to the execution of the note and the agreement, could form the consideration of the note: *Held,* in view of the principle that pleas must be construed most strongly against the pleader, that, in the absence of any explanatory averment, the law would not intend that the satisfaction and cancellation of judgments not in existence could form the consideration of the note, and hence there could be no intendment that the failure to satisfy such judgments could constitute a failure of consideration, and the plea was therefore bad on demurrer.

3. A plea which avers a total failure of consideration, but only shows a partial failure, is bad on demurrer.

WRIT OF ERROR to the Circuit Court of Jersey county; the Hon. CHARLES D. HODGES, Judge, presiding.

Mr. W. R. WELCH, and Messrs. PALMER & PITTMAN, for the plaintiff in error.

Mr. T. B. TANNER, for the defendant in error.

Mr. JUSTICE THORNTON delivered the opinion of the Court:

The defendant filed three special pleas, alleging a total failure of consideration of the note sued upon. The court below sustained a demurrer to each of them, and this is assigned as error.

The note sued on is dated October 22, 1868.

The first and third pleas allege, that the consideration of the note was an agreement to cancel judgments rendered on the 24th day of October, 1868, and there is no averment to indicate how judgments, obtained subsequently to the execution of the note and the agreement, could form the consideration of the note.

In view of the principle that pleas must be construed most strongly against the pleader, and in the absence of any explanatory averment, the law will not intend that the satisfaction and cancellation of judgments not in existence could form the consideration of a note. How, then, can we intend that the failure to satisfy such judgments constituted a failure of consideration?

It is not enough to aver the mere failure, but the plea must disclose the manner of the failure. These pleas are too uncertain, and leave too much to inference. *Sims* v. *Klein*, Breese, 302; *Parks* v. *Holmes*, 22 Ill. 522.

The second special plea avers, that the consideration of the note was the agreement to cancel certain judgments and a certain note, and though it negatives the cancellation of the

judgments, it does not negative the cancellation of the note; and yet the conclusion is that the consideration of the note has *wholly* failed. It avers a total failure, but only shows a partial failure, and is bad on demurrer, according to the long settled rules of pleading.

The note was admissible under the common counts. The proof was, " that the signatures of the *parties* were genuine." It was unnecessary to mention the names. The parties were before the court, and the evidence sufficiently indicated whose signatures were referred to by the witness.

We think that the judgment should be affirmed.

*Judgment affirmed.*