## SAWYER, WALLACE & CO. v. JOHN MORAN.

### April Term, 1875.

NEGOTIABLE PAPER TAKEN BEFORE MATURITY — RIGHTS OF HOLDER. — The holder of negotiable paper by indorsement before maturity, in consideration of new credit then given, takes it free from all equitable defences between the original parties, and a payment made by the maker to the payee afterwards will be no defence to a suit by such holder.

*A. Allison*, for complainants.
*G. B. Guild*, for defendant.

THE CHANCELLOR : — On October 1, 1870, H. S. French sold to the defendant a lot in Nashville for $6,000, the defendant executing to French therefor his six notes of that date, for $1,000 each, at six, twelve, eighteen, twenty-four, thirty, and thirty-six months respectively, with interest from date. French executed a deed to Moran for the land, retaining on its face a lien for the payment of these notes. On March 2, 1874, this bill was filed by the complainants, claiming to be holders of these notes, by indorsement of French before maturity, to enforce the lien retained for their payment. The only defence made is that it was a part of the original agreement of sale between defendant and French that defendant might make small payments whenever it

suited his convenience, and that he had made such payments, from time to time, up to December, 1872, amounting in all to $1,212.50.

The complainants are merchants in New York, and one of them proves that the notes were indorsed to his firm by French, on November 2, 1870, to secure future advances, a receipt, which is filed, being executed at the time. This receipt, after describing the notes, recites that they " are left with us as security for advances we may make on shipments from said French, and to be surrendered to him when such advances shall have been repaid, together with interest, commissions," etc. The witness further proves that, at the date of this receipt, French was not indebted to the firm ; that the firm afterwards, and on the faith of these notes, made advances to him, upon which there is a large balance due and unpaid. The notes are made exhibits to the deposition, and are all indorsed by French. The only evidence introduced by the defendant consists of his own deposition proving the payments he claims to have made to French. He admits, in his deposition, that the last of these payments was made after he was notified of the assignment of the notes by French to some New York house.

Upon this state of facts, the legal right of the complainants to the relief sought seems not to admit of doubt. It is well settled, by authority, that whenever a new credit is given on the faith of negotiable paper indorsed before maturity, the holder takes the paper free from all equitable defences between the original parties, and any payment made afterwards to the payee would be no protection to a suit by the holder. *Bank of Metropolis* v. *New England Bank*, 1 How. 234 ; *s. c.*, 6 How. 212 ; *Hinsum* v. *Rogers*, 40 Pa. St. 190 ; *Trustees* v. *Hill*, 12 Iowa, 462. And see, now, *Gosling* v. *Griffin*, Supreme Court Tennessee, November, 1875, overruling *Vatterlien* v. *Howell*, 5 Sneed, 441. It is equally well settled that the production of the note is *primâ facie* evidence of title and of transfer before

maturity, even in the absence of the positive proof made in this case: *Pettee* v. *Prout*, 3 Gray, 502; *Way* v. *Richardson*, 3 Gray, 412; *Dugan* v. *United States*, 3 Wheat. 172; *Hunter* v. *Kibbe*, 5 McLean, 279. There is nothing in this case to take it out of these general rules. The complainants are entitled to recover to the extent of the balance due them, with interest, but no more, the payments made being good as against French, who would be entitled to the surplus. *Holman* v. *Hobson*, 8 Humph. 127; *Easter* v. *Minard*, 26 Ill. 494. There are some items of protest fees, depositions, discount, etc, in the complainants' account filed, which constitute no part of the consideration of the assignment of the notes. These will be disallowed in ascertaining the complainants' claim. Decree accordingly.

NOTE. — Affirmed on appeal.