## William L. Hayden
### v.
## Mahala Olinger.

1. Promissory note—Fraud.—The fraud and circumvention which will be available as a defense to a promissory note in the hands of an innocent assignee for value before maturity, must not be such as grows out of the contract itself, or fraud in the consideration, but must be fraud in obtaining the execution of the instrument.

2. Assignment of note—Time of, how raised.—The question of when ·the note was in fact assigned, must be raised by a proper plea, but such plea need not be verified by affidavit. It is only when the fact of assignment is traversed by the defendant that the plea must be verified.

APPEAL from the Circuit Court of Effingham county; the Hon. WILLIAM C. JONES, Judge, presiding. Opinion filed April 2, 1880.

Messrs. THORNTON & HAMLIN and Messrs. WOOD BROS. & COOPER, for appellant; that allegations and proof must correspond, cited O. & M. R. R. Co. v. Brown, 23 Ill. 94; Sherman v. Blackman, 24 Ill. 350; Keiser v. Topping, 72 Ill. 226.

The fraud must relate to obtaining the execution of the note: Latham v. Smith, 45 Ill. 25.

The pleas filed are for failure of consideration: Woods v. Hynes, 1 Scam. 103; Murray v. Beckwith, 48 Ill. 391.

Traverse of the time of assignment should be made by plea verified: Templeton v. Hayward, 65 Ill. 178.

Where there is no date to the assignment it is presumed to have been made before maturity: Depuy v. Schuyler, 45 Ill. 306.

No defense but fraud and circumvention can be set up against a note assigned before maturity: Mobley v. Ryan, 14 Ill. 51.

Even if other instructions are correct they cannot cure a defective one: C. B. & Q. R. R. Co. v. Lee, 60 Ill. 501; Camp Point Mf'g Co. v. Ballou, 71 Ill. 417; C. B. & Q. R. R. Co. v. Harwood, 80 Ill. 88; Quinn v. Donavan, 85 Ill. 196.

Messrs. GILMORE & WHITE, for appellee; that a new trial will not be granted unless the verdict is manifestly wrong, cited Papineau v. Belgarde, 81 Ill. 61; Gilbert v. Bone, 79 Ill. 341; Wiggins Ferry Co. v. Higgins, 72 Ill. 517.

An instruction that could not have misled the jury is no ground for reversal: Kendall v. Brown, 86 Ill. 387; Shephard v. The People, 72 Ill. 480.

It is unnecessary to repeat the expression "if you believe from the evidence" in every clause of the instructions: Gizler v. Witzel, 82 Ill. 322; Belden v. Woodmansee, 81 Ill. 25.

BAKER, P. J. Appellant sued appellee in the Effingham Circuit Court upon a promissory note for $1,200, dated February 12th, 1879, and payable one day after date to one Gray-

bill, who had assigned it to appellant. The verdict of the jury and judgment of the court were in favor of appellee. The defense of appellee, as indicated by the testimony she introduced, was subtantially this: That she being the owner of a note for $3031.30, signed by Pritchard, said Graybill, intending to defraud her, falsely represented to her that Pritchard was in failing circumstances and his property could not be reached by law, but that he, Graybill, had the knowledge and qualifications necessary to secure the payment of the note, and proposed to secure the same for a reasonable compensation. She relied on his false representations, and agreed to pay him a reasonable compensation if he would secure the payment of the note; and he promised to do so. Graybill confederated with Pritchard to defraud her, by persuading her to take 175 acres of land at as large a price as he could get her to allow; the arrangement between Pritchard and Graybill being that Pritchard would convey the land at $20 per acre, appellee to pay him the surplus of the purchase money over and above the amount due on the note she held, up to the value of the land at $20 per acre, and Graybill to have all over $20 per acre he could induce her to give. Graybill then represented to her he had effected a settlement, and that Pritchard would convey to her the 175 acres in satisfaction of her debt, at the rate of $25 per acre, she to pay the surplus to Pritchard; and she, confiding in Graybill, accepted the settlement and received the deed. The purchase money of the land at $25 per acre amounted to $4,375, which paid the note for $3031.30 against Pritchard, and left $1343.70 to be paid by her to Pritchard, and Pritchard demanded it in cash. She being unable so to pay, paid Pritchard $143.70, and Graybill said he would pay Pritchard the cash and take the note of appellee to himself for $1,200. Thereupon, by consent of Pritchard, she gave to Graybill the note now in controversy; and she also paid him $50 in cash for his services.

It is argued there are variances between the pleadings and the proofs of appellee in respect to some of the foregoing facts; but in the view we take of the case, we deem it unnecessary to discuss them.

The material question presented by the record is, whether the defense made brings this case within the tenth section of our statute in regard to negotiable instruments. That section reads as follows:

"If any fraud or circumvention be used in obtaining the making of any of the instruments aforesaid, such fraud or circumvention may be pleaded in bar to any action to be brought on any such instrument so obtained, whether such action be brought by the party committing such fraud or circumvention, or any assignee of such instrument."

This statute has frequently been construed by the Supreme Court: Wood v. Haynes, 1 Scam. 10; Mulford v. Shepard, 2 Ibid. 583; Easter v. Minard, 26 Ill. 494; Murray v. Beckwith, 48 Id. 391; Latham v. Smith, 45 Id. 25. The doctrine of these decisions, is that the fraud charged, in order to be available as against an innocent assignee for value of the paper before maturity, n us; not be such as grows out of the contract itself, or fraud in the consideration for which the instrument was given, but must be fraud in obtaining the making of the instrument.

In the case last cited it was said by Chief Justice Walker: "A fraud in obtaining a note may consist of any artifice practiced upon a person to induce him to execute it when he did not intend to do such an act. Circumvention seems to be nearly, if not quite, synonymous with fraud. It is any fraud whereby a person is induced by deceit to make a deed or other instrument. It must be borne in mind that the fraud must relate to the obtension of the instrument itself, and not to the consideration upon which it is based. It is not fraud which relates to the quality, quantity, value or character of the consideration that moves the contract, but it is such a trick or device as induces the giving of one character of instrument under the belief that it is another of a different character; such as giving a note or other agreement for one sum or thing when it is for another sum or thing; or as giving a note under the belief that it is a receipt. When the fraud relates to the consideration, the defense must be for a total or partial failure of consideration moving the execution of the instrument."

In the case at bar, Graybill was the agent of appellee, and

was in duty bound to get the land on the best terms he could; he could not rightfully speculate off of his principal by getting the land from Pritchard at one price and turning it over to his principal at a higher price; but this fraud of his was in the contract itself, and went to the consideration for which the note was given. And it appears there was some consideration for the note in suit; the land at $20 per acre, the price Pritchard put it in at, amounted to $3,500; and deducting from that the amount due on the surrendered note, $3,031.30, and the sum of $143.70, paid in cash, left $325 of valid consideration. It will hardly be denied, the note for $1,200 having been made to Graybill by consent of Pritchard, and $325 really due under the contract to Pritchard, that even if Haydon, the assignee, stands in the place of the original payee, he is entitled to recover the latter amount. Pritchard never consented that his lands might go for less than $3,500; and appellee has these lands. The special pleas filed were really pleas of total failure of consideration; but the evidence introduced showed only a partial failure of consideration, to the extent of $875 of the principal of the note. The section of the statute allowing a plea of total or partial failure of consideration, provides that nothing in the section contained shall be construed to affect or impair the right of any *bona fide* assignee of any instrument made assignable by the chapter on negotiable instruments when such assignment was made before such instrument became due. R. S. 1874, Ch. 98, Sec 9. Such plea, then, must necessarily either question the good faith of the assignment, or else must aver the assignment was made after the maturity of the instrument sued on. Each of the special pleas here involved averred that before the assignment plaintiff had full notice and knowledge of the matters set up in the respective pleas. This was amply sufficient, so far as any question of pleading was concerned. But on the trial, appellee was allowed, against the objections of appellant, to introduce testimony tending to show the assignment was made after the note fell due. This was error, as there was no plea in the case that raised that issue. We do not understand, however, the position assumed by appellant to be correct, that

when the assignment is dated, the date cannot be contradicted any more than the fact of signing, except by plea verified by affidavit. Neither the statute nor the authority cited in that behalf justifies such conclusion. It is the fact of assignment that must be denied by plea verified by affidavit. But a question as to the time when the assignment was made may be raised by plea not sworn to. A number of the instructions given by the court on the trial were not in conformity with the views herein expressed, and there was error in giving them. The judgment of the Circuit Court is reversed, and the cause remanded.

Reversed and remanded.