# William Gehlbach v. The Carlinville National Bank.

83    129
92   4564

83    129.
98   4405.

83    129
100  2235

1. Promissory Notes—*Defined.*—A promissory note is defined to be "a written promise by one person to pay another person therein named, or order, a fixed sum of money, at all events and at a time specified therein, or at a time which must certainly arrive."

2. Same—*What Does Not Destroy Its Negotiability.*—An agreement added to a promissory note authorizing the legal holder to have judgment by confession at any time thereafter, for the stipulated damages and attorney fees, does not render the amount the maker must pay or the time of its payment so uncertain as to destroy the negotiability of the note, but simply gives the holder an additional remedy to enforce the payment, and a remedy which facilitates rather than encumbers its circulation.

3. Same—*Superadded Stipulations Authorizing Confession of Judgment.*—Stipulations authorizing confession of judgment for the sum promised to be paid, with an added sum for collection and attorney's fees, do not destroy the negotiability of a promissory note.

4. Same—*Fraud and Circumvention.*—To enable the maker of a promissory note to be protected by the provisions of Sec. 14, Chap. 98, R. S., the execution of the note must be procured by some fraudulent practice or device.

5. Same—*Fraud or Deception in the Consideration.*—Fraud or deception in the consideration, or the wrongful putting the note in circulation, will not defeat a recovery thereon by a *bona fide* purchaser for value before maturity.

6. Same—*Indorsements Without Date.*—Where promissory notes are put in evidence on which are assignments without date, the legal effect is to presumptively establish that the plaintiff is the *bona fide* owner of the notes by purchase for value, without notice, in due course of business before maturity, and entitled to recover the amount therein specified to be paid.

7. Notice—*Publications in Newspapers.*—Notices published in newspapers are not binding upon a party purchasing notes, unless it is shown to have been brought to his knowledge before he purchased.

**Judgment by Confession.**—Trial of issues of fact, submitted on motion of defendant in the Circuit Court of Logan County; the Hon. George W. Patton, Judge, presiding. Verdict and judgment for plaintiff; appeal by defendant. Heard in this court at the November term, 1898. Affirmed. Opinion filed June 3, 1899.

A. L. Anderson and Beach & Hodnett, attorneys for appellant.

Certainty in the time of payment is one of the essential elements of a negotiable instrument, and the notes sued on in this case, being due at the option of the holder immediately after their execution and delivery, were not negotiable instruments in the sense of cutting off defenses that might have been made against their collection if they were sued on by the payee in said notes. Dorsey v. Wolff, 142 Ill. 589; Richards v. Barlow (Mass.), 6 N. E. Rep. 68; First National Bank v. Bynum, 84 N. C. 24, 37 Am. St. Rep. 604; Salisbury v. Stewart, 15 Utah, 308, 62 Am. St. Rep. 934; Oppenheimer v. Bank, 97 Tenn. 19, 56 Am. St. Rep. 778; Stapleton v. Louisville Bkg. Co., 95 Ga. 802; Overton v. Tyler, 3 Penn. St. 346; S. C. 45 Am. Dec. 545; Brooks v. Hargreaves, 21 Mich. 254; 1 Rand. on Com. Paper, Sec. 110; Hubbard v. Mosley, 11 Gray, 170; Way v. Smith, 111 Mass. 525.

Assignee of chose in action takes subject to all defenses that could be made against the paper in the hands of assignor. Am. and Eng. Ency. of Law, Vol. 21, p. 1079 (2d Ed.); McCormick v. Buehler, 67 Ill. App. 75; McAuliff, Adm'r, v. Reuter, 166 Ill. 491.

Where a note has been obtained by fraud the assignee can only recover what he paid for the note in any event. Daniel on Neg. Inst., Sec. 758; Oppenheimer v. Bank, 97 Tenn. 19, 56 Am. St. Rep. 778; Petty v. Hannum, 2 Humph. 102; Holeman v. Hobson, 8 Humph. (Tenn.) 127; Green v. Stuart, 7 Baxt. (Tenn.) 422; Todd v. Shelbourne, 8 Hun, 510.

BLINN & HARRIS, attorneys for appellee.

The assignment of a negotiable instrument by an assignment not dated carries with it the legal presumption that it was assigned before maturity for a valuable consideration, and was a *bona fide* transaction. Farber v. The National Forge & Iron Co., 50 Ill. App. 507; Burnap v. Cook, 32 Ill. 168; Depuy v. Schuyler, 45 Ill. 306; Mulford v. Shepard, 1 Scam. 583; Best v. Bank, 76 Ill. 608; Mobley v. Ryan, 14 Ill. 51; Cisne v. Chidester, 85 Ill. 524; 1 Randolph on Commercial Paper, 342.

A negotiable instrument under the laws of Illinois is one where there is a written promise to pay a certain person or his order a fixed sum of money at a fixed time, or a time certain to arrive. Secs. 3 and 4, Chapter 98, R. S.; Canadian Bank v. McCrea, 106 Ill. 293; Dorsey v. Wolff, 142 Ill. 593; Lowe v. Bliss, 24 Ill. 168; Chicago Equip. Co. v. Merchants' Bank, 136 U. S. 268; 2 Am. and Eng. Enc. of Law, 314.

A clause in the power of attorney attached to the note, providing that judgment might be taken by confession at any time after date, whether due by lapse of time or not, was held to be a promissory note in Adam v. Arnold, 86 Ill. 185; Thomas v. Mueller, 106 Ill. 36.

The provision in a power of attorney that judgment may be taken by confession at any time after date, is a remedy given as a part of the contract to take judgment before the note is due at the election of the holder. Boley v. The Lake St. El. R. R. Co., 64 Ill. App. 310; Daniel on Negotiable Instruments, Vol. 1., Sec. 1.

A note that is a negotiable instrument, assigned before maturity for a valuable consideration in good faith, the holder is entitled to recover the full amount of the note and interest and it is no concern of the maker what assignee paid for the note. Vol. 1 (3d Ed.), Daniel on Negotiable Instruments, page 704; Daniels v. Wilson, 21 Minn. 530; Cromwell v. County of Sac, 96 U. S. 51; Vinton v. Peck, 14 Mich. 296; Lay v. Wissman, 36 Ia. 305; Murray v. Beckwith, 81 Ill. 44; Shreeves v. Allen, 79 Ill. 553; Comstock v. Hannah, 76 Ill. 530; Beemis v. Horner, 165 Ill. 352.

Gross negligence upon the part of the indorsee of a negotiable instrument, or the suspicion or knowledge of circumstances that might excite suspicion upon the part of a prudent man, will not affect the note in the hands of indorsee unless bad faith is shown. Beemis v. Horner, 165 Ill. 352; Murray v. Beckwith, 81 Ill. 43; Shreeves v. Allen, 79 Ill. 553.

Mr. Presiding Justice Burroughs delivered the opinion of the court.

On January 17, 1898, the appellee obtained in the Circuit

Court of Logan County, in term time, in an action of assumpsit, a judgment by confession against the appellant, for the sum of $1,603, upon two written instruments and the indorsements thereon, one of which instruments is in words and figures as follows:

" $700.00.    LINCOLN, ILL., Jan. 6th, 1897.

One year after date, for value received, I promise to pay to the order of John Bushell, seven hundred dollars, at the German American National Bank of Lincoln, Illinois, with interest at seven per cent. per annum from date. And if judgment be confessed under the following power of attorney, which is made a part of this note, the attorney's fee therein provided for to be entered up as a part of the judgment.

Now, therefore, in consideration of the premises we do hereby make, constitute and appoint any attorney of any court of record to be a true and lawful attorney, irrevocably, for us and in our name, place and stead, to appear in any court of record in term time or vacation, at any time hereafter, whether this note be due by lapse of time or not, in any of the States or Territories of the United States, to waive the service of process and confess a judgment in favor of the holder of this note for the above sum and interest thereon to the day of the entry of said judgment, together with costs and damages and ten dollars and five per cent. on amount then due as attorney's fees; and also to file a cognovit for the amount thereof with an agreement therein, releasing all errors that may intervene in entering up said judgment, or in the issuing of execution thereon; and that no writ of error or appeal shall be prosecuted upon the judgment entered by virtue hereof, nor any bill in equity filed to interfere in any manner with the operation of said judgment and to release all errors that may intervene in entering up said judgment, or issuing any execution thereon, and also to consent to immediate execution on said judgment hereby ratifying and confirming all the said attorney may do by virtue hereof.

Witness our hands and seals this 6th day of January, 1897.

(Signed)    H. L. HUMPHREYS.
WM. GEHLBACH."

This writing is indorsed:

" Pay to the order of H. C. Maltby.
(Signed)    JOHN BUSHELL."

" Pay to the order of the Carlinville National·Bank of Carlinville, Ill.

(Signed)        H. C. MALTBY."

The other instrument bears the same date and in all respects is like the first, and has on the back·thereof like indorsements.

On April 9, 1898, on motion of the appellant the court opened the judgment to let in any defense he had to the suit and stayed the execution (which had been issued on the judgment) until the further order of the court.

The declaration contained but one count, drawn on the two written instruments and the indorsements thereon, treating them as the promissory notes of appellant that had been assigned by the payee named therein to H. C. Maltby, and by him to the appellee.

The appellant filed a plea of general issue and also gave notice that he would interpose as a defense that the two writings sued on had been given by him to said Bushell without any consideration whatever; and that Bushell with intent to swindle and defraud the appellant, had by fraudulent devices and arguments induced him to sign the two writings and give them to him for the purpose of buying for appellant a saloon in Lincoln, Ill., from one Ben Sigg; and that appellant had signed and delivered the two writings to Bushell for that purpose and none other; that Bushell did not purchase the saloon for appellant but turned the writings over to A. C. Maltby, an accomplice of his, who had full notice, before he received them, that they had been given without consideration and were fraudulently obtained as aforesaid; that Maltby, after getting possession thereof, well knowing he could not collect the money thereon in his own name, pretended to assign them to the appellee as its property, but in fact assigned them only for the purpose of collection; that the appellee is trying to collect the money on the two writings from the appellant in this suit for Maltby, and is not a *bona fide* purchaser thereof for value before maturity, but on the contrary, it received them with full knowledge that they were obtained as aforesaid.

On May 31, 1896, the case was tried before a jury, and at

the close of all the evidence, on motion of the appellee, the court excluded from the jury all the evidence presented by the appellant and instructed them to find a verdict for the appellee, which being done, the court reinstated the former judgment and execution. The appellant brings the case to this court by appeal and urges us to reverse the judgment on the ground that the court improperly directed the verdict, which is contrary to the law and the evidence.

The claim made by counsel for appellant is that the two writings sued on are not to be regarded as promissory notes, to be protected in the hands of *bona fide* holders for value before maturity, according to the rules of general mercantile law, as applicable to negotiable instruments, but are nothing more than simple contracts, subject, in the hands of transferees, to such equities and defenses as would be available between the original parties; while counsel for appellee insists that the two writings are negotiable prom-. issory notes, and that the evidence shows the appellee is a *bona fide* purchaser thereof before maturity for value, without notice of any defect in the consideration or otherwise, and is therefore entitled, as against the appellant, the maker, to the judgment he procured.

The writings sued on are clearly promissory notes and subject to the rules of mercantile law applicable to negotiable instruments, unless the provision in each, that the holder thereof may procure a confession of judgment thereon at any time after their date for the amount of money thereon agreed to be paid, renders the time of payment or the amount to be paid uncertain. In Dorsey v. Wolff, 142 Ill. 589, the court defines a promissory note to be "a written promise by one person to pay to another person therein named, or order, a fixed sum of money, at all events, and at a time specified therein, or at a time which must certainly arrive (Lowe v. Bliss, 24 Ill. 168; Chicago Ry. Equip. Co. v. Merchant's Bank, 136 U. S. 268; Story on Prom. Notes, p. 2; 3 Kent's Com. 74; 2 Am. & Eng. Ency. of Law, p. 314)," and says, "A note is none the less negotiable because it is made payable on or before a named date" (Chicago

Ry. Equip. Co. v. Merchant's Bank, *supra;* Cisne v. Chid-ester, 82 Ill. 523; Ernst v. Steckman, 74 Penn. St. 13); and held that an agreement in the note—in that case as follows: " And if not paid when due and suit is brought thereon, then we promise to pay ten per cent on the amount due thereon in addition as an attorney's fee, and to be recovered as a part of this note, or by separate suit"—did not render the note non-negotiable, for two reasons : first, because " the promise to pay the attorney's fee is a promise to do some-thing after the note matures. It does not affect the char-acter of the note before, or up to the time of its maturity, either as to certainty in the amount to be paid, or fixedness in the date of payment, or definiteness in the description of the person to whom the payment is to be made. The stip-ulation or promise as to the attorney's fee, can not therefore affect the negotiability of the note because the negotiability of a promissory note is, for all practical purposes, at an end when it matures." (See page 594 of the Opinion.) And second, because " the additional remedy relates rather to the remedy upon the note, if a legal remedy be pursued, than to the sum which the maker is bound to pay; and it is not different in its character from a cognovit, which, when attached to a promissory note, does not destroy its negotia-bility." Daniel on Neg. Ins. (4th Ed.), Secs. 62, 62a." See page 595 of the Opinion.

Applying the above definition and reasoning to the writ-ings sued on in the case at bar, we think the $700 and interest thereon, at seven per cent per annum from date mentioned in the note part proper of each, is promised to be paid to the order of John Bushell by Wm. Gehlbach, one year after date, which is a promise certain as to the sum to be paid, the time when, the person to whom and by whom it is to be paid, and exactly conforms to the requirements of a negotiable promissory note, as defined in Dorsey v. Wolff, *supra*, and in Haughton v. Francis, *supra*.

Then reading into these notes, respectively, those parts thereof, as follows : " And if judgment be confessed under the following power of attorney, which is made a part of

this note, the attorney's fee therein provided for to be entered up as a part of the judgment," and the power of attorney with the authority given any attorney, at any time after the date of the notes, in term time or vacation, " to waive the service of process and confess a judgment in favor of the holder of this note, for the above sum ($700) and interest thereon, to the day of the entry of said judgment, together with costs and damages and $10, and five per cent on the amount then due, as attorney's fees." And we have an option given to the holder of the writings to have a judgment entered at any time after the date of the writing for the principal sum named therein, with interest at seven per cent per annum from their date to entry of judgment, together with costs, damages and $10, and five per cent on amount then due, as attorney's fees; which he may exercise or not as he may deem proper for his interest, and which he can enforce only by procuring such confession of judgment. A remedy given him which adds to the value of the paper, because providing against expense to the holder in enforcing its collection, and which does not increase the sum which the maker has agreed unconditionally to pay, unless the payee exercises such option and resorts to a court to enforce payment thereof in the way pointed out. The added agreement, by which the appellant authorized the legal holder to have judgment by confession at any time thereafter, for the stipulated damages and attorney's fees, does not render the amount the maker must pay or the time of its payment so uncertain as to destroy the negotiability of the paper, but simply gives the holder an additional remedy to enforce the payment, and a remedy which facilitates rather than incumbers its circulation. Daniel on Neg. Inst., Sec. 61, p. 52; Tiedeman on Com. Paper, Sec. 78b.

We know the authorities differ as to the negotiability of written instruments, otherwise negotiable, when there is superadded stipulations authorizing confession of judgment for the sum promised to be paid, with an added sum for collection and attorney's fees, but the later cases of most of the States, among them Illinois, maintain that such added stip-

ulation does not render the paper non-negotiable. See Daniel on Negotiable Instruments (2d Ed.), Sec. 61, p. 52; Osborn v. Hawley, 19 Ohio, 130; Nickerson v. Sheldon, 33 Ill. 372; Dorsey v. Wolff, 142 Ill. 558.

The evidence introduced shows that the appellant signed and delivered to Bushell both of the notes sued on, knowing what they contained, and for the purpose of enabling him to purchase for appellant a saloon in Lincoln, Ill., from one Ben Sigg; and that Bushell deceived him, not in procuring him to execute the notes, but by not purchasing therewith the saloon, and afterward wrongfully, as against the appellant, transferred them to Maltby. This deception practiced by the payee upon the maker does not make the notes subject to the defense given the maker of such paper by the provisions of Sec. 14, Chap. 98, p. 2808, Starr & Curtis' Ill. Stat. (1896). Because, to enable the maker of a promissory note to be protected by the provisions of that section of the statute, the execution of the note must be procured by some fraudulent practice or device, fraud or deception in the consideration; or the wrongful putting the note in circulation will not defeat a recovery thereon by a *bona fide* purchaser for value before maturity. Shipley v. Carroll et al., 45 Ill. 285; Clark v. Johnson, 54 Ill. 296; Richelieu Hotel Co. v. International Mil. Encamp. Co., 140 Ill. 248.

On the trial the appellee put in evidence the two notes and the assignments on the back thereof, which are without date, the legal effect of which was to presumptively establish that appellee was the *bona fide* owner of the notes, by purchase for value without notice, and in due course of business before maturity, and entitled to recover the amount therein specified to be paid. See Woodworth v. Hunton, 40 Ill. 147; Depuy v. Schuyler, 45 Ill. 306; Cisne v. Chidester, 85 Ill. 523, and Bennis v. Homer, 165 Ill. 347.

The appellant, to make out a defense, should have overcome by proof the presumptions established as above stated (Bennis v. Homer, *supra*), but the evidence he presented neither did this nor tended to do it.

The testimony as to Bushell offering to sell the notes

for a small amount to reimburse himself for the services he rendered appellant in trying to purchase the saloon from Sigg, or that the consideration for which the notes were given had failed, or the statements of Maltby that he did not know what he paid Bushell for the notes, or the articles published in the "Lincoln Courier," were not binding on the appellee, because they were not shown to have been brought to its notice before it purchased the notes. And as to the statement of appellee's cashier, when testifying; "that he never knew or had any business dealings with Maltby until a few months ago, and not before the notes were purchased by the bank," did not show or tend to show that the bank had not purchased the notes before maturity, because the appellee could have purchased the notes of Maltby without the cashier knowing him, or ever having any business transaction with him; and besides, the evidence shows conclusively that Maltby, the first assignee of the notes, told appellant's brother shortly after the notes were executed, and long before their maturity, that "he had assigned them to the bank (appellee) when talking to him about paying the notes; as the evidence shows, this brother had procured the maker of the notes to transfer to him all his lands, and Maltby, on that account, was anxious to know whether or not the brother would pay the notes at maturity, because, if, as he told him, "they were not paid, he (Maltby) would be liable to the Bank of Carlinville, Ill. (appellee), on his indorsement of them to it."

And it further appears that the appellee did procure a judgment on these notes by confession a very few days after they were due by their terms. So that there is no evidence in this record that would justify the jury in rendering a verdict for the appellant or the court in giving him a judgment if such a verdict had been rendered, and the court therefore properly directed the verdict it did.

As to the contention of counsel for the appellant, that the amount of the judgment is too large, because the appellee was only entitled to recover what it paid for these notes, we will say that inasmuch as there is no evidence in this

record, except the presumption arising from appellee's possession of the notes with the indorsements, of the amount that the appellee paid for them, we are of the opinion that the appellant is in no position to raise that question, even if it is an open one in the courts of this State.

Finding no reversible error in this record, we affirm the judgment appealed from. Judgment affirmed.