## Joseph W. Taft v. Thomas Myerscough.

1. PROMISSORY NOTES—*Statutory Defenses.*—The statute regulating defenses to negotiable instruments, being partly declaratory of the common law and partly creative of new defenses not recognized at common law, permits a defense to such instruments upon the following grounds, viz.: A total want of consideration; a total failure of the consideration; a partial failure of the consideration, and that the execution of the instrument was procured through fraud.

2. SAME — *Statutory Defenses to be Separately Pleaded.*— The grounds of defense enumerated by the statute are separate and distinct, and should be so pleaded, and where a partial failure of the consideration is relied upon the plea should set forth in what the partial failure consists, and the extent of the failure of the consideration should be specially alleged.

3. SAME—*Defenses to be Pleaded Generally.*—When an instrument for the payment of money is given without any good or valuable consideration, the fact may be pleaded generally.

4. SAME — *Where Fraud is Relied upon as a Defense.*—Where fraud is relied upon as a defense to a promissory note, such fraud must be in the obtaining of the execution of the note; fraud affecting the value of the consideration only, is not sufficient.

**Assumpsit,** on a promissory note. Appeal from the Superior Court of Cook County; the Hon. AXEL CHYTRAUS, Judge, presiding. Heard in this court at the March term, 1900. Affirmed. Opinion filed December 20, 1900.

**Statement.**— Appellee brought this suit to recover amount due as principal and interest upon a promissory note made by appellant. The note was made payable to the order of S. Hewitt, and was by him indorsed. Appellee held it as assignee.

The only special plea filed upon which an issue was joined is the following:

"And for a further plea in this behalf the defendant says the plaintiff ought not to have his aforesaid action against him, the said defendant, because he says that the several supposed causes of action in said declaration mentioned are one and the same, to wit, the supposed cause of action in said first count mentioned, and not different causes of action; that the sole consideration for the execution of the

promissory note in said first count mentioned was the sale, transfer and delivery to this defendant of five thousand (5,000) shares of stock, at par value of one (1) dollar per share of the British American Prospecting and Developing Company, which this defendant was induced to purchase by the fraud and false representations of S. Hewitt, the payee in said note, at the price of eighty (80) cents per share, and give the said note for the purchase price thereof; that in order to induce this defendant to make said purchase the said Hewitt stated to this defendant that the said British American Prospecting and Development Company owned the town site and water privileges, and ten gold mines, in Michipicoton, in the Dominion of Canada, and also owned two gold mines in British Columbia, and seven gold mines in the Klondike region in British America; that these mines in Michipicoton and British Columbia had been partially developed, and were known to be very rich, and capable of producing very valuable ore; that one of the mines in British Columbia adjoined one of the richest mines in that country, and that the said gold mines in the Klondike were also very rich and capable of producing very valuable ore; that the said company has issued three million (3,000,000) dollars of stock, and had never sold any of its said stock for less than its par value, to wit, one dollar per share; that a syndicate of seventeen capitalists at Toronto, Canada, had purchased one hundred thousand (100,000) shares of said stock and paid its par value in cash, and that the Bank of Montreal had purchased five thousand (5,000) shares of said capital stock, and paid its par value in cash, and that the said British American Prospecting and Development Company had no indebtedness whatever; that all of said statements were false and known by the said Hewitt to be false when made, for that the said British American Prospecting and Development Company did not own any of said property, and the said company had offered to sell its shares to the public at the price of eight cents ($.08) per share; and neither the said syndicate nor Bank of Montreal had purchased any of said stock at its par value, but the plaintiff believed the said representations to be true, and relied thereon, and was induced thereby to make said purchase, and execute and deliver said note to said S. Hewitt; that in making said sale, and procuring said note, the said Hewitt was acting as agent for one Forbes, and in collusion with him, and he and the said Forbes, for the purpose of cheating and defrauding this defendant, made a pre-

tended sale and transfer of said note to the plaintiff herein, the said Hewitt indorsing the same, and delivering it to said plaintiff; that said pretended sale and transfer was after the maturity of said note; that the plaintiff then had notice that said note had been obtained by fraud, and was transferred to him for the purpose of defrauding this defendant, and said plaintiff paid no consideration whatever therefor, and received said note for the purpose of aiding the said Hewitt and Forbes to accomplish their said fraudulent design; that this defendant still holds the said stock, so received for said note; that it is of no value whatever, but defendant here brings the same into court and offers to surrender or assign the same to the plaintiff, or any one he may direct, on the return or surrender to him of said note, and this the defendant is ready to verify. Wherefore," etc.

To this plea a replication was filed, which might be appropriate in an action of trespass, but is inapt as a reply to this plea. The parties went to trial upon this state of the pleadings without any objection thereto. Upon trial appellee introduced the note in evidence and rested.

Appellant introduced evidence tending to show the purchase of the stock by him, and the giving of the note therefor; the making of certain representations as to the ownership by the company of certain mining properties and town sites, and his reliance thereon; that said representations were false in part. Evidence was also given of an alleged conversation with the plaintiff as to how he acquired the note.

Appellee introduced no evidence on rebuttal, but moved the court to peremptorily direct a verdict for appellee. This the court did, and from judgment upon the verdict returned in accordance with such peremptory instruction this appeal is prosecuted.

EDWARD F. COMSTOCK and HENRY S. WILCOX, attorneys for appellant.

MOSES, ROSENTHAL & KENNEDY, attorneys for appellee.

MR. JUSTICE SEARS delivered the opinion of the court.
The chief and decisive question presented by this appeal

Taft v. Myerscough.

is as to whether the court erred in peremptorily directing a verdict for appellee, or, in other words, whether the evidence presented by appellant under his special plea constituted defense to this action.

What would be the effect of the facts pleaded by the special plea if they were established by the evidence ? Our statute regulating defenses to negotiable instruments, partly declaratory of the common law and partly creative of new defenses not recognized at common law, permits defense to such instruments upon the following grounds: A total want of consideration; a total failure of the consideration; a partial failure of the consideration; and that the execution of the instrument was procured through fraud. As early as 1829 the substantial scope of these statutory provisions was considered by our Supreme Court, and the announcement in Sims v. Klein, 1 Ill. (Breese) 302, was as follows:

"The statute under which this plea is filed enumerates four grounds of defense to an action upon bonds or other writings, for the payment of money, etc.

" 1. Where the bond is entered into without any good or valuable consideration.

" 2. Where the consideration has wholly failed.

" 3. Where fraud and circumvention have been used in obtaining it; and

" 4. Where there has been a part failure of the consideration.

" These are all separate and distinct grounds of defense, and should be so pleaded. If a bond is given without any good or valuable consideration, that fact may be pleaded generally. If fraud is relied upon, the plea must set forth facts which constitute fraud. If a total failure of consideration is relied on, the manner must be shown, and where a partial failure of consideration is relied on, as is the fact in this case, it is necessary to set forth in what the failure consisted. The plea should be as broad as the evidence, and upon the same principle, the extent of the failure of consideration should be specially alleged."

The statute then in force, Secs. 5 and 6, page 322, Rev. Laws of 1827, provides substantially the same defenses in this behalf as are permitted by the statute now in force.

The doctrine as to the effect of such pleas and the requirements of them as announced in that case is applicable at the present time.    The same rules are adhered to in the decisions in Henderson v. Farrelly, 16 Ill. 137; Baldwin v. Banks, 20 Ill. 48; Parks v. Holmes, 22 Ill. 522; Christopher v. Cheney, 64 Ill. 26; Honeyman v. Jarvis, Id., 366; C. & V. R. R. Co. v. Dodge, 72 Ill. 253; Wadhams v. Swan, 109 Ill. 46; Belden v. Church, 23 Ill. App. 473; Day v. Milligan, 72 Ill. App. 324; C. T. & S. Bank v. Lundfield, 73 Ill. App. 173, as to want or failure of consideration.    And in Wood v. Hynes, 2 Ill. 103; Mulford v. Shepard, Id. 583; Adams v. Wooldridge, 4 Ill. 255; Easter v. Minard, 26 Ill. 494; Shipley v. Carroll, 45 Ill. 285; Depuy v. Schuyler, Id. 306; Richelieu Hotel Co. v. M. E. Co., 140 Ill. 248; Gehlbach v. The Collinsville Bank, 83 Ill. App. 129, as to fraud in procuring the instrument.

Measuring this plea by the rules thus announced, it is apparent that it is not good as a plea of want of any consideration, for the plea imports some consideration in that the maker received certain shares of the capital stock of a certain company, and the plea, although averring that the stock was of no value at the time of pleading, does not aver that it had no value at all at the time of the transfer of it to the maker of the note.    Neither is the plea good as a plea of failure of consideration, either total or partial.    The plea wholly fails to set up any facts to show in what manner depreciation of the value of the stock was caused between the time of its purchase by appellant and the time of the suit.    Nor is the extent of such depreciation so specified as to make the plea good as a plea of partial failure of the consideration.

Counsel for appellant frankly admit in their reply brief that the plea can not be treated as a plea of failure of consideration.    They say:

" The special plea under discussion is not a mere plea of failure of consideration in whole or in part.    It is not a plea that the consideration for this note or the stock for which it was given has not been received by defendant, or that there has been any breach of warranty or failure to

keep any other agreements which was a part of the consideration of this note. This plea alleges that the sole consideration of this note was 5,000 shares of stock which were purchased by defendant and transferred to him. He does not claim that he failed to get any of them, but he alleges that he was induced to purchase them and give this note for them by fraud; that he still holds this stock; that it is of no value whatever, but he here brings it into court and offers to surrender or assign the same to plaintiff or any one he may direct on the return or surrender to him of said note. The statement as to the·value of the stock has no reference to its value when purchased, but only as to its value at the time the plea is filed."

We have then only to consider whether the plea is good as a plea of fraud or circumvention in obtaining the making or execution of the note.

It is well established, by the decisions above noted, that the fraud relied upon as a defense under such a plea must be fraud in the obtaining of the execution of the instrument, and that fraud affecting the value of the consideration only is not sufficient to support such plea. The plea here in question does not aver that appellant was unaware that he was executing a promissory note for the amount named in this note. On the contrary, it appears from the plea that appellant knew precisely what he was doing when he signed and delivered this note, and that he got precisely what he had expected to get for it, viz., a certain amount of capital stock. The only matter wherein the plea avers that he was at all disappointed or defrauded, was in the value which the stock had—in other words, a matter going merely to the extent of the consideration of the note.

In Shipley v. Carroll, *supra*, the Supreme Court said:

" Under this section of our statute it has been repeatedly held that the fraud must relate to the execution of the instrument itself, and not to the consideration; that a false representation as to the amount or other terms of the instrument, or of its nature and character, was what was intended to be embraced."

In Richelieu Hotel Co. v. N. E. Co., *supra*, the court approved the sustaining of a demurrer to precisely such a plea as the one here. The plea there, as here, set up fraud

in the making of representations as to the nature and extent of a proposed adventure in which the defendant had been thus fraudulently persuaded to take an interest by executing the written obligation sued upon. The court said:

"We think it clear that the  *  *  *  plea was insufficient. It attempted to set up as a defense, fraud and circumvention in procuring the execution by the defendant of the instrument sued on, but the fraud set up relates solely to the consideration of said instrument, and not to procuring its execution."

It is unnecessary to consider to what extent fraud in the procuring of a negotiable instrument might be availed of as a defense at the common law. It is enough for the purpose of this decision that under our Illinois decisions, fraud which goes only to representations of the extent of the value of the consideration, is a matter to be availed of by the defense of a failure of the consideration, and under our statute such failure must be pleaded specifically, with averments of the manner and the extent to which it has failed. In this the plea here is lacking.

But even if the plea might be held (contrary to the views of counsel for appellant) to be a plea of failure of consideration, inartificially drawn, yet there is a further and sufficient reason why it could not avail against the suit of appellant, for the evidence fails to support its averment that appellee took the note sued on without having paid any valuable consideration therefor, or with notice of failure of consideration, or after the note had matured. It was incumbent upon appellant, if defending upon the ground of a failure of the consideration, to show that appellee was not a purchaser for value, or that he bought with notice or after maturity. And the averments of the plea to such effect demanded proof, if the plea was to be sustained. Mitchell v. Deeds, 49 Ill. 417; Bemis v. Horner, 165 Ill. 347.

The evidence did not show either that appellant took after maturity, or that he was other than a purchaser for value, or that he had any notice of any failure of the consideration.

The foregoing considerations dispose of the contention that appellant might under the general issue recoup as against appellee.

The fact that the replication is inapt, is of no importance, for the parties treated the plea as having issue joined upon it by going to trial without any objection.

The exclusion of evidence complained of could not in any event have prejudiced appellant. The evidence went only to the value of the consideration of the note, and under the pleadings it was properly excluded.

Because of the lack of any valid defense, the court was right in peremptorily directing a verdict for appellee.

The judgment is affirmed.